## NICKOLOPOLOUS v. EMERY, Sheriff.

No. 3790.   Decided April 4, 1922.   (206 Pac. 284.)

1. HABEAS CORPUS—FACTS ALLEGED IN PETITION ADMITTED BY DEMURRER. The facts alleged in the petition are admitted by demurrer.

2. CRIMINAL LAW—WHERE JURY DISAGREES, AND IS PROPERLY DISCHARGED, PLEA OF PRIOR JEOPARDY NOT AVAILABLE AGAINST SUBSEQUENT PROSECUTION. Under Const. art. 1, § 12, a conviction or acquittal of an offense in any degree bars a subsequent prosecution for the same offense or one of a higher or lower degree, but, where the jury is properly discharged for failure to agree, a plea of once in jeopardy may not be interposed against a subsequent prosecution for the same offense in any degree.

3. CRIMINAL LAW—MAGISTRATE'S JURISDICTION NOT AFFECTED BY PLEA OF FORMER JEOPARDY WHERE JURY WAS DISCHARGED FOR FAILURE TO AGREE. A magistrate's jurisdiction to warrant an arrest on a charge of first degree murder is not affected by a plea of pendency of a prosecution for voluntary manslaughter,

the jury for the trial of which disagreed, and was properly discharged, especially since he has no jurisdiction except to determine whether accused should be held to answer to the district court.

4.  CRIMINAL LAW—COMMITTING MAGISTRATE'S JURISDICTION TO ISSUE WARRANT ON CHARGE OF FIRST DEGREE MURDER NOT AFFECTED BY PENDING PROSECUTION ON CHARGE OF VOLUNTARY MANSLAUGHTER IN DISTRICT COURT. The jurisdiction of a committing magistrate to warrant the arrest of one charged with first degree murder is not affected by the fact he is awaiting trial on a charge of voluntary manslaughter in the district court; the magistrate's jurisdiction not being concurrent, but limited to ascertaining whether an offense has been committed of which there is probable cause to believe accused guilty.

5.  CRIMINAL LAW—PLEA OF ANOTHER ACTION PENDING MAY NOT BE SET UP IN CRIMINAL CASE. That another action is pending for the same offense may not be set up by one accused of crime by plea in abatement or in bar, but the state shall not hold him under bail in one court while depriving him of his liberty in another without substantial reason.

6.  HABEAS CORPUS—SUPREME COURT CANNOT ADMIT PLAINTIFF TO BAIL ON APPLICATION FOR WRIT OF HABEAS CORPUS. On application for writ of habeas corpus, the Supreme Court cannot admit plaintiff to bail, Comp. Laws 1917, § 9245, expressly limiting such power to a judge of the Supreme or district court, nor may such right be determined without a careful consideration of the evidence if proper application is made to one of such judges.

Application for writ of habeas corpus by James Nickolopolous against C. Frank Emery, as Sheriff of Salt Lake County.

APPLICATION DENIED.

*John F. Tobin,* of Salt Lake City, for plaintiff.

*E. A. Rogers,* Dist. Atty., and *W. H. Hutchinson,* Asst. Dist. Atty., both of Salt Lake City, for defendant.

THURMAN, J.

Habeas corpus. The petition shows that plaintiff is held as a prisoner by the defendant as sheriff of Salt Lake county. It is alleged that the imprisonment is illegal, and plaintiff prays that he be discharged therefrom.

The facts alleged are admitted by demurrer. It appears that in November, 1921, plaintiff was formally charged with the crime of murder in the first degree before a committing magistrate. He was arrested upon a warrant issued thereon, and after a preliminary examination was held to answer to the district court of Salt Lake county for the crime, of voluntary manslaughter. He was admitted to bail in the sum of $2,000 and released from custody. In December, 1921, the district attorney for said county filed an information in the district court charging plaintiff with the crime of voluntary manslaughter in pursuance of the order holding him to answer. In January, 1922, plaintiff was arraigned on the information and entered a plea of not guilty. In February, 1922, the case came on for trial, a jury was impaneled and sworn, evidence was introduced, and the case submitted. After deliberating for some time without arriving at a verdict, the jury was discharged. No application was made to increase the bail, nor has the action in said court been dismissed.

Thereafter, in March, 1922, the same person who swore to the complaint for murder in the first degree before the committing magistrate, acting under the advice of the district attorney, swore to a new complaint before another magistrate of said county charging plaintiff with the crime of murder in the first degree upon exactly the same state of facts for which he was examined and held to answer in the former proceeding. A warrant of arrest was issued on said complaint. Plaintiff was arrested thereon, and brought before the magistrate who issued the warrant. The magistrate was informed by plaintiff's counsel, that the case against plaintiff for voluntary manslaughter, growing out of the same transaction, was still pending in the district court, and had not been dismissed, all of which was assented to by the dis-

trict attorney, who was then and there present representing the state.

For the reasons above stated, plaintiff's counsel requested the magistrate to dismiss the complaint, but the application was denied.  Whereupon plaintiff entered a plea of not guilty to the complaint, and was held by the magistrate without bail pending a preliminary examination.  In the meantime plaintiff was committed to the custody of defendant, as sheriff of Salt Lake county.

It is contended by plaintiff that his imprisonment is illegal, and that the magistrate proceeded without jurisdiction, for the reasons:  (1) That plaintiff has been "once in jeopardy" for the crime charged in the complaint; (2) because the action is still pending in the district court, which court first obtained jurisdiction thereof.

While it is alleged in the petition that the jury in the district court on the trial of plaintiff for voluntary manslaughter was not discharged at plaintiff's request, it is not contended that the discharge of the jury was improper or irregular.  In fact it is conceded  that the plaintiff may be tried again in the district court on the charge of voluntary manslaughter as allaged in the information.  The contention of plaintiff in this contention seems to be that, while he may be tried again for voluntary manslaughter, he may not be tried for murder in the first or second degree.  As to the higher degrees of the crime, he insists that he has been once in jeopardy, and is therefore immune from further prosecution.

Plaintiff calls the attention of the court to numerous cases involving the question of once in jeopardy, but none of the cases referred to tend in the slightest degree to support the contention that, where the jury is properly discharged for failure to agree upon a verdict, the plea of once in jeopardy may thereafter be interposed against a subsequent prosecution for the same offense in any degree.  The authorities relied on are as follows:  Const. Utah, art. 1, § 12, which among other things, provides that no person shall be twice put in jeopardy for the same offense: *People* v. *Sam Chung,*

94 _Cal. 304, 29 Pac. 642, 28 Am. St. Rep. 129; *People* v. *Hunckler,* 48 Cal. 331; 16 C. J. 253; *Ingram* v. *State,* 124 Ga. 448, 52 S. E. 759; *Holt* v. *State,* 38 Ga. 187; *State* v. *Blevins,* 134 Ala. 213, 32 South. 637; 92 Am. St. Rep. 22; *Bell* v. *State,* 103 Ga. 397, 30 S. E. 294, 68 Am. St. Rep. 102; *People* v. *McDaniels,* 137 Cal. 192, 69 Pac. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81; *Sanford* v. *State,* 75 Fla. 393, 78 South. 340; Cooley, Const. Lim. (7th Ed.) 470; Bishop, New Crim. Law, 1051, subd. 6; Wharton, Crim. Law, § 393.

The doctrine is fundamental under constitutional provisions similar to ours that, where an offense is divided into two or more degrees, the greater includes the less, and a conviction or acquittal on a valid complaint, information, or indictment for an offense in any degree bars a subsequent prosecution, whether it be for the same offense or for an offense of a higher or lower degree. The reason is manifest. A subsequent prosecution for the crime in any degree must of necessity subject the accused to a second trial for the same offense.

The cases cited by plaintiff amply support this proposition, but it is difficult to see wherein they support his contention. How can plaintiff consistently concede the right of the state to try him again for voluntary manslaughter, a crime for which he has already been placed on trial, and at the same time deny the right of the state to try him for murder, a crime for which he has never been tried at all? If plaintiff cannot interpose the plea of once in jeopardy against a second trial for manslaughter, how can he interpose it against a first trial for murder? Besides these considerations the cases are exceptional in which the plea of former jeopardy raises the question of jurisdiction.

In 1 Bailey on Habeas Corpus, at page 118, the proposition is stated: "Former jeopardy ordinarily not a question of jurisdiction." On pages 120-123 exceptional cases are cited, including *In re Snow,* 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658, and *In re Nielsen,* 131 U. S. 176, 9 Sup. Ct. Ct. 672, 33 L. Ed. 118, both of which are Utah cases. In the cases referred to as exceptional the attempt was made to

punish the petitioner twice for the same offense.  In such cases the court held the writ would lie.  At page 123 of the work referred to the author says:

> "Where, however, no penalty by imprisonment has been imposed, or, if imposed, has not been satisfied, so that there is no *punishment* exacted beyond the jurisdiction of the court for the offense, then habeas corpus will not lie."  (Italics ours.)

The court is of the opinion that the jurisdiction of the magistrate to entertain the complaint and issue his warrant thereon for the apprehension of plaintiff, as set forth in the petition, was not in any manner affected by the question of once in jeopardy, and that such plea is not involved in this proceeding, especially in view of the fact that the magistrate has no jurisdiction of the offense except for the purpose of determining whether or not the plaintiff should be held to answer to the district court.

But plaintiff also challenges the jurisdiction of the committing magistrate on the ground that the charge of manslaughter against him is still pending in the district court.

The cases referred to by plaintiff in support of this contention are generally to the effect that, where several courts have concurrent jurisdiction of an offense, the court first obtaining jurisdiction retains it to the exclusion of the others.  The following authorities are relied on: *City of Pilot Grove* v. *McCormick,* 56 Mo. App. 530; *State* v. *Yarbrough,* 8 N. C. 78; *State* v. *Biesemeyer,* 136 Mo. App. 668, 118 S. W. 1197; 16 C. J. 148; *Rodgers* v. *State,* 101 Miss. 847, 58 South. 536.  *Coleman* v. *State,* 83 Miss. 290, 35 South. 937, 64 L. R. A. 807, 1 Ann. Cas. 406.

The rule, as stated, is to prevent confusion and conflict of jurisdiction, and to prevent a person from being twice tried for the same offense.  It appears from the authorities cited that the rule is limited to cases arising in courts of concurrent jurisdiction.  In the case at bar the district court has power to try the case and render judgment, while the jurisdiction of the magistrate is limited to ascertaining whether an offense has been committed and whether or not there is probable cause to believe the plaintiff guilty thereof.  If he should find there is probable cause his duty would be to

hold the plaintiff to answer to the district court—the same court in which the information for manslaughter is pending. Manifestly there is little or no opportunity for conflict or confusion, and none whatever for subjecting plaintiff to a second trial for the same offense. It is inconceivable that the district court would permit such a palpable infringement of the plaintiff's constitutional rights. However, it is sufficient to say the rule or doctrine relied on by plaintiff is by no means universally accepted. The district attorney has furnished the court with a list of cases from other jurisdictions of the country which hold in effect, that proceedings analogous to those complained of in the instant case are not even erroneous, much less grounds for assailing the jurisdiction of the court.

In *Harris* v. *State,* 11 Ga. App. 137, 74 S. E. 895, it was held that a plea of former action pending is not applicable in a prosecution for crime.

In *Commonwealth* v. *March,* 248 Pa. 434, 94 Atl. 142, the defendant was tried on one indictment when another indictment had previously been presented. Held not error.

In *Reed* v. *Territory,* 1 Okl. Cr. 481, 98 Pac. 583, 129 Am. St. Rep. 861, the court said:

"It is almost universally recognized that a grand jury can find a valid indictment against a defendant, notwithstanding the fact that another indictment or information is pending against the accused for the same offense, and the pendency of the other indictment or information, when there has been no jeopardy on it, cannot be pleaded either in abatement or in bar of the second indictment."

In *Nash* v. *State,* 73 Ark. 399, 84 S. W. 497, it was said by the court:

"The court committed no error in referring the charge against the defendant to a grand jury for investigation and action, after he had been indicted for manslaughter."

The object in referring the case was to have the grand jury consider whether or not the defendant should not be held for murder.

In *Bartley* v. *State,* 53 Neb. 310, 73 N. W. 744, the second headnote reads:

"In a prosecution for the crime of embezzlement, the pendency against the accused of a former information in the district court of

another county, charging him with embezzlement of the same property within that county, is no ground for abatement."

In *Irwin* v. *State,* 117 Ga. 706, 45 S. E. 48, it was held that the pendency of a former indictment was not grounds for either a plea in abatement or a plea in bar.  To the same effect see *Carter* v. *State,* 44 Tex. Cr. R. 312, 70 S. W. 971; *State* v. *Goddard,* 162 Mo. 198, 62 S. W. 697.  See, also, *Haase* v. *State,* 8 Ind. App. 488, 36 N. E. 54.

We are driven to the conclusion that both reason and authority are against the proposition that another action pending for the same offense may be set up by the accused in a case of this kind either as a plea in abatement or as a plea in bar.  Nevertheless, it goes without saying that a person accused of crime should not be oppressed or subjected to needless hardship or inconvenience.  It may sometimes involve considerable sacrifice on the part of an accused to furnish bail for his appearance in answer to a criminal charge.  If he does so furnish it to the acceptance of the state the state in justice ought not to insist on holding him under bail in one of its courts and at the same time deprive him of his liberty in another, unless there is substantial reason therefor.  This, however, does not affect the question of jurisdiction.

At the close of the oral argument, counsel for plaintiff suggested that, in any event, this court should admit the plaintiff to bail.  Just how the court could comply with the suggestion without a usurpation of power was not made to appear.  Comp. Laws Utah 1917, § 9245, in cases of this kind, expressly limits the power to "*a judge of the Supreme or district court.*"  (Italics supplied.) Even if a proper application were made to one of the judges mentioned, the right to bail could not be determined without a careful consideration of the evidence.

Plaintiff's application for the writ is denied.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.