## STATE v. HALE.

No. 4612. Decided December 28, 1927. (263 P. 86.)

*George Q. Rich,* of Ogden, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

HANSEN, J.

The defendant was convicted of the crime of treating human ailments without a license, and appeals.

The charging part of the information upon which defendant was tried reads:

"That the said A. W. Hale between the 3rd day of June, 1926, and the 11th day of January, 1927, in the county of Cache, state of Utah, at said time not being licensed to treat human ailments without the use of drugs or medicine and without the use of operative surgery, did then and there treat human ailments without the use of drugs and medicine and without the use of operative surgery, and the said A. W. Hale did then and there commit the crime of treating human ailments without a license, an indictable misdemeanor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Utah."

The complaint which forms the basis of the information was filed in the city court of Logan City, Cache county, Utah. The complaint and information are in substantially the same language.

The defendant demurred to the complaint in the city court on the grounds: (1) That the complaint does not state facts sufficient to constitute a public offense; (2) that the facts stated in the complaint do not constitute an indictable misdemeanor under the laws of the state of Utah. Upon the demurrer being overruled the defendant waived preliminary hearing, to which the state consented, whereupon the de-

fendant was bound over to the district court to answer the charge set forth in the complaint.

Before entering his plea in the district court the defendant moved to quash and set aside the information upon the grounds: (1) That the city court of Logan City was without jurisdiction to bind the defendant over to the district court to answer the charge set forth in the information, because the complaint filed in the city court upon which the information was based does not state facts sufficient to constitute an indictable misdemeanor under the laws of the state of Utah; (2) that the information does not state facts sufficient to constitute a public offense. The motion to quash the information was denied, and the ruling of the district court in this respect is assigned as error.

The law which forms the basis of the prosecution in this action is contained in chapter 91, p. 272, Laws 1921. Some of the sections of chapter 91, supra, have since been amended (Laws Utah 1923, c. 58; Laws Utah 1925, c. 124; Laws Utah 1927, c. 71), but such amendments do not affect the questions involved in this proceeding. Laws Utah 1921, c. 91, provides:

"Section 1. No person shall practice medicine and surgery or any of the branches thereof, or any system or method of treating human ailments without the use of drugs or medicines and without operative surgery, or obstetrics, without a license so to do. * * *

"Sec. 15. Any person shall be regarded as practicing medicine or treating human ailments, within the meaning of this act, who shall diagnose, treat or profess to treat, operate upon or prescribe or advise for any physical or mental ailment or any physical injury to or deformity of another. Nothing in this act shall be construed to affect the following cases:

"1. The administration of domestic or family remedies in cases of emergency.

"2. The practice of dentistry or dental surgery by any legally licensed dentist exclusively engaged in practicing dentistry and dental surgery.

"3. The practice of pharmacy by legally registered pharmacists.

"4. The treatment of sick or suffering by prayer or other spiritual means without the use of any drug or material remedy.

"5. The practice of optometry by any legally licensed optometrist exclusively engaged in the practice of optometry.

"6. The practice of chiropody.

"7. The practice of medicine and surgery by any surgeon of the United States Army, United States Navy or public health service in the discharge of his official duties."

Section 19 of chapter 91, supra, also provides that any person who shall treat human ailments without a license shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $100 nor more than $500, or by imprisonment for a term of not less than 60 days nor more than 180 days, or by both such fine and imprisonment.

It will be observed that the sentence which may be imposed upon one convicted of the crime attempted to be set out in the complaint and information filed in ■ this case is in excess of the jurisdiction of a justice of the peace to impose. Comp. Laws Utah 1917, § 1784. In criminal cases a city court has the same jurisdiction as a justice of the peace. Comp. Laws Utah 1917, § 1713, and amendments thereof. The city court, therefore, being without jurisdiction to try persons accused of crimes which are punishable as provided by section 19, chapter 91, Laws Utah 1921, such crimes are indictable misdemeanors. In this case the city judge properly acted merely as a committing magistrate.

A more serious question is presented when the complaint and information are considered with respect to the sufficiency of the facts therein alleged to state a public offense. Comp. Laws Utah 1917, § 8680, provides:

"The complaint must state:

"1. The name of the person accused, if known, or if not known and it is so stated, he may be designated by any other name;

"2. The county in which the offense was committed;

"3. The general name of the crime or public offense;

"4. The acts or omissions complained of as constituting the crime or public offense named;

"5. The person against whom or against whose property the offense was committed, if known;

"6. If the offense is against the property of any person, a general description of such property.

"The complaint must be subscribed and sworn to by the complainant."

Comp. Laws Utah 1917, § 8830, provides:

"The information or indictment must contain:  .

"1. The title of the action, specifying the name of the court to which the same is presented, and the names of the parties;

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Comp. Laws Utah 1917, § 8832, provides:

"The information or indictment must be direct and certain as it regards:

"1. The party charged;

"2. The offense charged;

"3. The particular circumstances of the offense, when they are necessary to constitute a complete offense."

It is contended on behalf of the state that the language in both the complaint and the information is substantially the language of the statute creating the offense of treating human ailments without a license, and therefore is sufficient. It is contended on behalf of the defendant that the language used by the statute creating the offense of treating human ailments without a license is so general that the complaint and the information based upon the statute must be more specific and definite than the statutory provisions in order that the defendant may be advised of the particular acts constituting the charge made against him. It will be seen that nowhere in the informa-

tion is it alleged who was treated for human ailments by the defendant. Is the defendant charged with treating his own ailments or those of another? So far as the information discloses it may be either or both. It seems clear that the provisions of Laws Utah 1921, c. 91, § 15, are directed against the treatment of human ailments of another, and that so long as one confines his treatment to himself he is not guilty of any of the offenses defined in chapter 91, supra. Even under the state's contention the information is silent as to one fact necessary to constitute the offense attempted to be charged, namely, that the treatment was that of an ailment of some one other than the defendant.

We are of the opinion, moreover, that the language used in the charging part of the information is so general in its terms as not to be a compliance with the provisions of Comp. Laws Utah 1917, §§ 8830 and 8832, above quoted. The material part of the information charges the defendant with treating human ailments without a license. Under the provisions of Laws Utah 1921, c. 91, § 15, human ailments may be treated within the meaning of the act by any person who shall diagnose, treat, or profess to treat, operate upon, or prescribe, or advise for any physical or mental ailment, or any physical injury to or deformity of another. Did the defendant diagnose, treat, profess to treat, operate upon, prescribe, or advise a treatment of an ailment of another? If so, was it for a physical or a mental ailment, or was it for a physical injury or deformity? If he did but one of the acts condemned, which one? Were the acts complained of those permitted by the statute or those prohibited? Who was treated and what treatment was given? Evidently the answers to these questions cannot be found by a reading of the information. The sufficiency of the language used in an information to charge a public offense is not necessarily determined by whether such language is or is not the language used in the statute defining the offense sought to be charged. The information

is tested by the requirements of Comp. Laws Utah 1917, §§ 8830 and 8832, rather than by the language of the statute creating and defining the crime; that is to say, if the statute creating and defining the act condemned meets the requirements of sections 8830 and 8832, supra, then an information charging the offense in the language of the statute is good pleading; but, if such statutory language is so general in its terms as not to meet the requirements of those sections, proper pleading requires that the information go further in stating the offense than to merely use the language of the statute. This court has so held in the cases of *State* v. *Topham*, 41 Utah 39, 123 P. 888; *State* v. *Gesas*, 49 Utah 181, 162 P. 366, where the authorities are collated.

The objections to the sufficiency of the information urged in the case of *State* v. *Topham* and the case of *State* v. *Gesas*, supra, were substantially the same as are urged in the instant case, and upon the principles enunciated in those cases the information in this case does not state facts sufficient to constitute a public offense and cannot support the conviction of the defendant.

Comp. Laws Utah 1917, § 8781, provides:

"In case the trial court after judgment, on motion of the defendant, or the Supreme Court on his appeal, shall hold the information insufficient either in form or substance to sustain the judgment, the defendant shall not, for that reason, be discharged, but the court shall order a new information to be filed if the defects can be avoided in the new information, and the case shall proceed in the same manner as though a new trial had been granted to the defendant."

If, however, as contended on behalf of the defendant, the complaint is so defective that it will not support an information, a new information based upon such complaint must likewise fail. It therefore becomes necessary to determine the question of the sufficiency of the complaint which forms the basis of this entire proceeding.

Our state Constitution, art. 1, § 13, provides for a preliminary examination where the prosecution is upon infor-

mation. We have heretofore in this opinion quoted the statutory requirements of a complaint. The com- plaint, as above stated, is in substantially the same language as the information which has hereinbefore set forth. What has been said as to the insufficiency and un- certainty of the language used in the information applies to the complaint. It should also be observed that both the complaint and the information charge the defendant with treating human ailments between June 3, 1926, and Janu- ary 11, 1927. The sufficiency of a pleading is of course to be decided by the language used therein, and not by the proceedings had thereunder. It is sometimes enlighten- ing, however, to observe the results which follow where a trial is had upon an improper pleading. In the instant case, the state, over timely objections and exceptions of counsel for the defendant to the introduction of any evidence be- cause, as claimed by defendant's counsel, the information does not state a public offense, introduced evidence tending to show that the defendant at various times between the dates stated in the complaint and information treated seven different persons. Each person was treated separately. All were treated within the period covered by the complaint and the information. We entertain no doubt but that the treatment of each person, if an offense at all, was a com- pleted offense. The statute expressly provides that the offense consists of treatment, without a license, of the hu- man ailments of another. The evidence offered with re- spect to the treatment of any one of the seven persons was equally within the issues raised by the information and the defendant's plea of not guilty as was the treatment of any of the other six. It is of course elementary law that a per- son may properly be charged with and tried for but one offense at a time, unless the pleader, as may be done in some cases, charges separate offenses in separate counts. We, however, assume that when the complaint was prepared the pleader had in mind and intended to charge the defendant with but one offense. And likewise the same was true when

the information was prepared. It would seem from the verdict that the defendant was found guilty of but one offense. But so far as the record discloses the complaint may well have been drawn with an intention to charge the defendant with treating one person, the information drawn with the intention of charging the defendant with treating another person, and the jury found the defendant guilty of treating a person not within the mind of either pleader at the time his pleading was drawn. Until the evidence was offered the defendant was not advised as to what he was expected to meet except that he was charged with treating some one at some time between June 3, 1926, and January 11, 1927, for one or more of the ailments to which humanity is heir and in some manner that may be resorted to in the treatment of human ailments.

The purposes of a complaint are twofold: To advise the defendant of the charge made against him; and to enable the committing magistrate to determine whether or not the defendant should be bound over to the district court to stand trial for the offense charged in the complaint. While a complaint need not charge a crime with the fullness and particularity required in an information or indictment, it must be in substantial compliance with the provisions of Comp. Laws Utah 1917, § 8680; otherwise it fails in its very purpose.

This court has repeatedly held that an accused, if he objects, may not be tried in the district court upon an information unless he has either had a preliminary examination, or, with the consent of the state has waived a preliminary examination of the offense charged. *State* v. *Jensen,* 36 Utah 166, 96 P. 1085; *State* v. *Hoben,* 36 Utah 186, 102 P. 1000; *State* v. *Pay,* 45 Utah 411, 146 P. 300, Ann. Cas. 1917E, 173; *State* v. *Sheffield,* 45 Utah 426, 146 P. 306; *State* v. *Nelson,* 52 Utah 617, 176 P. 860. If in the instant case a preliminary examination had been held and evidence offered tending to show that the defendant treated

one of the seven persons concerning which evidence was offered at the trial, could the state, in such case, properly try, over objection, the defendant for treating any one of such other six persons? Clearly such procedure is condemned by the cases last above cited. Can it be said that by not insisting upon a preliminary examination the defendant left a wide-open field for the state to prove any crime upon any person so long as such crime comes within the general terms used by the statute? We do not believe that under our Constitution and laws a person charged with an offense may be placed at a loss to know what charge he is expected to meet by waiving a preliminary examination. The necessary information must be given to the defendant by the language of the complaint rather than by the evidence offered in support of the allegations of the complaint.

We are, therefore, of the opinion that the complaint which forms the basis of the prosecution in this action is not in substantial compliance with the provisions of Comp. Laws Utah 1917, § 8680, and, particularly, subdivisions 4 and 5 thereof. The complaint being fatally defective, a new information cannot properly be based thereon.

It is therefore ordered that the judgment be and the same is hereby reversed, and the defendant discharged.

THURMAN, C. J., and CHERRY and STRAUP, JJ., concur.

GIDEON, J., concurs in the order of reversal.