Opinion
 

 CHRISTIAN, J.
 

 This appeal tests the authority of a magistrate to dismiss a felony complaint on grounds other than the insufficiency of the evidence at the preliminary hearing.
 

 Leroy Dubray, an undercover investigator of the San Jose Police Department, made contact with appellant Geraldine Galvan and her housemate, Alex Flores. Dubray purchased heroin at the Galvan-Flores residence. On May 18, 1977, he went there again and purchased more heroin from Galvan.
 

 During several visits to the house Officer Dubray discussed with Flores the possibility of purchasing large quantities of heroin for shipment to Canada. The planning was ended on May 27, when Flores and Galvan saw parked near police headquarters the car which Dubray had used in making visits to their house. Flores left a note on Dubray’s car, asking him to call. Dubray arranged to meet at police headquarters with Flores and Galvan to discuss whether Galvan would provide leads to the dealers from whom she had been obtaining heroin. Galvan stated that she could do nothing, but Flores agreed that he would help to set up a transaction to trap a sought-after dealer named Oscar Rodriguez. Officer Dubray agreed that in exchange for this assistance he would, after Galvan was charged for her sale of heroin to him, inform the prosecutor and the probation officer that Galvan “had indirectly through Alec Flores helped us in the case against Oscar Rodriguez.” Officer Avila, with whom Galvan was later to work in another matter, made a similar promise. Actually Galvan did not cooperate with Avila.
 

 During the ensuing weeks Dubray met several times with Galvan and Flores. Flores was aware that Officer Dubray did not intend to report Galvan’s offense to the district attorney so long as Galvan continued to be
 
 *14
 
 a useful informant. Actually, Galvan never functioned as an informant for Dubray; that work was to be done by Flores.
 

 Another officer, Reyes, became acquainted with Galvan, and used her services as an informer. Reyes testified that a third officer, Martin, told Galvan that if she “was able to do something for us ... he would be able to do something for her. . . .” Reyes thought it was being implied that the exchange “had to do with whether or not a case would be filed against [Galvan].” Galvan helped Reyes to develop a narcotic case against one Montano, but the case was not prosecuted, mainly because Galvan could not be located to testify. Galvan assisted Reyes in other cases. Reyes “believed” that he indicated to Galvan that if she succeeded in “doing” some other narcotic suspect the pending case against her “would not be filed.” Reyes acknowledged that he had not promised that the charge would not be filed; he had no authority to make such a promise.
 

 Galvan was charged with trafficking in heroin. The above summarized evidence was presented at the preliminary hearing, but the magistrate refused to hold Galvan to answer, stating the following reason: “I think the representations that were made by the authorities could reasonably lead a person in her position, taking the parties in the position and the status that they were in, to believe that the matter would be dismissed, and I’m going to dismiss it on that grounds. [¶] All right, be an interesting case to take up.”
 

 The prosecutor obtained from the superior court a peremptory writ commanding the magistrate to determine whether the evidence at the preliminaiy hearing showed that a public offense had been committed and whether there was sufficient cause to believe that real party in interest had committed the offense. The present appeal followed.
 

 Appellant contends that the superior court improperly rendered a judgment by default.
 
 *
 
 The deputy district attorney correctly pointed out, when the matter was called for hearing, that the magistrate had not answered the petition or demurred to it, and that “all matters in the petition [should be] deemed admitted. . . .” But it does not follow that the writ was issued because of the default and without any consideration of whether the petition was meritorious. The transcript of proceedings before the magistrate was incorporated in the petition, and it must be
 
 *15
 
 presumed that the court reviewed the petition (including the transcript) before determining that a writ should be issued.
 

 Appellant contends that it was within the discretionary power of the magistrate to dismiss a felony complaint upon a finding that representations made by police officers had aroused in the defendant an expectation that the crime would not be reported to the district attorney for prosecution. No authority supports this contention. The powers of a magistrate are specified and limited by statute.
 
 (Burris
 
 v.
 
 Superior Court
 
 (1974) 43 Cal.App.3d 530, 537 [117 Cal.Rptr. 898].) At a preliminary hearing it.is the duty of the magistrate to determine from the evidence whether “a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof” (Pen. Code, § 872). Upon making a determination of probable cause, “the magistrate must make or endorse on the complaint an order” binding the defendant over to the superior court for trial
 
 (id.).
 
 (See
 
 People
 
 v.
 
 Uhlemann
 
 (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609].) The order made by the magistrate in the present case exceeded his jurisdiction. The superior court acted correctly when it directed issuance of a writ to compel the magistrate to determine whether the defendant should be held to answer.
 

 The judgment is affirmed.
 

 Caldecott, P. J., and Rattigan, J., concurred.
 

 A petition for a rehearing was denied June 18, 1979, and appellant’s petition for a hearing by the Supreme Court was denied August 10, 1979. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.
 

 *
 

 A peremptory writ of mandate may not be granted by default (Code Civ. Proc., § 1088).