Richard Lynn **WRIGHT**, Plaintiff and Appellant,

v.

Scott V. **CARVER**, Warden, Utah State Prison, Defendant.

No. 930576.

Supreme Court of Utah.

Nov. 28, 1994.

---

Richard Lynn Wright, pro se.

PER CURIAM:

Plaintiff Richard Lynn Wright appeals from the dismissal of his petition for a writ of habeas corpus as frivolous. The trial court did not ask the State to respond to the petition, and neither did this court on appeal. Utah R.Civ.P. 65B(b)(7). We affirm.

In 1976, a man driving an orange Corvette owned by Richard Lynn Wright robbed two Weber County Deputy Sheriffs of their service revolvers. The prosecutor issued a complaint charging Richard Lynn Wright with two counts of aggravated kidnapping. At the preliminary hearing, the prosecutor moved to amend the complaint after it learned that one Leonard Eugene Wright had been arrested for the offense. The Ogden City Court judge, sitting as a magistrate, granted the motion, and "Leonard Eugene" was substituted for "Richard Lynn." The magistrate eventually dismissed the charges against Leonard Eugene by minute entry when the prosecution learned that the police had the wrong person in custody.

Richard Lynn Wright was later arrested in Canada on unrelated charges. He was driving an orange Corvette at the time and had with him the two stolen service revolvers. He eventually confessed to Canadian officials that he had robbed the two deputy sheriffs.

Several years later, Wright was transferred to the Utah State Prison on a prisoner exchange program. He is incarcerated there now.

In 1985, the prosecution reopened the 1976 case against Wright and charged him with two counts of aggravated kidnapping and two counts of aggravated robbery. A jury convicted Wright of the robbery counts but acquitted him of the kidnapping charges. Wright was sentenced to an indefinite prison term of five years to life, the sentence to run concurrent with the Canadian sentence. Wright appealed, and this court affirmed the conviction. *State v. Wright,* 745 P.2d 447 (Utah 1987).

In 1989, Wright filed a habeas corpus petition in this court. We referred the petition to the trial court, where it was denied. Wright then appealed to this court, and we poured to the court of appeals. That court affirmed the trial court's denial by unpublished memorandum decision.[1] Wright did not seek a writ of certiorari from this court. Instead, he filed a habeas petition in federal court. The federal district court entered lengthy findings of facts and conclusions of law and denied the petition. The Tenth Cir-

---

1. *Wright v. Carver,* No. 900186–CA, slip op. (Utah Ct.App. Sept. 19, 1990) (mem.).

cuit Court of Appeals affirmed the ruling summarily.

Wright's second petition for habeas corpus, filed in the trial court in 1993 and dismissed as frivolous, is now before this court. Wright raises each of the following issues in his current petition: (i) he was denied his constitutional right to a speedy trial; (ii) he was denied due process because the prosecutor knowingly introduced false testimony at trial; (iii) his court-appointed counsel represented him while subject to a conflict of interest and divided loyalty.

■ The standard of review is settled. In reviewing an appeal from the dismissal of a petition for a writ of habeas corpus, this court does not defer to the trial court's conclusions of law that underlie the dismissal. "We review those for correctness." *Kelbach v. McCotter*, 872 P.2d 1033 (Utah 1994).

The law governing claims asserted in a previous proceeding is similarly settled. "A ground for relief from a conviction or sentence that has once been fully and fairly adjudicated on appeal or in a prior habeas proceeding should not be readjudicated unless it can be shown that there are 'unusual circumstances.'" *Hurst v. Cook*, 777 P.2d 1029, 1036 (Utah 1989); Utah R.Civ.P. 65B(b)(7). This rule was fashioned to pre-

vent abuse by prisoners who burden the courts and frustrate the ends of justice by trying to keep cases alive indefinitely. *See Hurst*, 777 P.2d at 1036.

■ Upon surveying the various claims that Wright has raised in his petition, we conclude that these claims were all "fully and fairly adjudicated" in a prior direct appeal or habeas corpus proceeding. *Id.* Accordingly, the district court acted properly when it dismissed Wright's petition as frivolous on its face. Utah R.Civ.P. 65B(b)(7).[2]

Wright complains that the trial court dismissed his habeas corpus petition before the State filed responsive pleadings and without holding an evidentiary hearing. Rule 65B(b)(7) of the Utah Rules of Civil Procedure allows a trial court to dismiss a petition if the issues presented have been adjudicated in a prior proceeding "or if for any other reason any claim in the petition shall appear frivolous on its face." That was done here, and done properly. Under those circumstances, the State was not required to respond. Utah R.Civ.P. 65B(b)(8). As indicated above, this rule is intended to prevent abuse by prisoners, such as in the instant case, through the filing of successive writs. *Hurst*, 777 P.2d at 1036.

**2.** In an effort to overcome the rule set out in *Hurst*, Wright argues that certain aspects of his speedy trial claim are jurisdictional and therefore an exception to the general rule. *See Olson v. Salt Lake City School Dist.*, 724 P.2d 960, 964 (Utah 1986) ("[L]ack of jurisdiction can be raised at any time by either party or by the court."). Relying on our decision in *Van Dam v. Morris*, 571 P.2d 1325 (Utah 1977), Wright asserts that the Ogden City Court acted without jurisdiction in 1976 when it amended the information to delete his name and when it dismissed the information against Eugene Leonard Wright. In *Morris*, we explained that the options of a magistrate conducting a preliminary hearing are limited; the magistrate may either discharge the defendant or hold him or her over for proceedings in the district court. *Id.* at 1327. The magistrate may not dismiss the criminal proceedings and thereby bar a subsequent prosecution of the defendant. *Id.* That power is granted exclusively to judges pursuant to Utah Code Ann. § 77-17-3.

Under the dictates of *Morris*, the magistrate had the authority to discharge Wright if a lack of probable cause was found but did not have the power to bar the State from bringing charges against Wright in the future. When the magis-

trate amended the complaint to remove Wright's name, Wright was effectively discharged. From that point forward, charges were no longer pending against him. This action is not in any manner inconsistent with our opinion in *Morris*. Wright makes much of the magistrate's 1976 disposition of the criminal complaint. It is true that the statute then in force required the magistrate to discharge a defendant by endorsing on the complaint, signed by the magistrate, an order of no probable cause and discharge. That issue, however, was fully and fairly adjudicated in a prior habeas corpus petition and will not be readjudicated here. *Hurst v. Cook*, 777 P.2d 1029, 1036 (Utah 1989).

As to the magistrate's dismissal of the complaint against Leonard Eugene Wright, Wright has no standing to challenge that action. Leonard Eugene Wright alone could assert the claim. *See generally Shelledy v. Lore*, 836 P.2d 786 (Utah 1992) (third-party standing rule requires litigants to assert their own legal rights and does not allow them to claim relief on the legal rights or interests of third parties); *State v. Constantino*, 732 P.2d 125 (Utah 1987) (holding that absent claimed right to possession, defendant had no standing to object to search of third party's car).

We affirm the trial court's judgment that Wright's petition was frivolous on its face.