[Crim. No. 2908.   Fourth Dist., Div. One.   Dec. 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM CHARLES McKERNEY II, Defendant and Appellant.

Harelson, Enright, Levitt & Knutson, Jack R. Levitt and Gerald Dawson for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, James H. Kline and Howard J. Bechefsky, Deputy Attorneys General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant was charged by information with the offenses of assault with intent to commit rape, a violation of Penal Code, section 220, and indecent exposure, a violation of Penal Code, section 314, subdivision 1; was found guilty by a jury; and appealed from the conviction, seeking a reversal upon the grounds (1) the court erred in refusing to give a cautionary instruction; and (2) the court did not have jurisdiction to try the indecent exposure offense, a misdemeanor.

Defendant requested but the court refused to give the cautionary instruction customarily given in sex offense cases. (CALJIC [Rev. Ed.] 510.) Although recital in such an instruction of the reason why the testimony of the prosecutrix should be examined with caution may depend upon the circumstances of the case, a refusal to give an instruction appropriate to the circumstances, whether or not requested by the defendant, is error. (*People* v. *Putnam,* 20 Cal.2d 885, 890 [129 P.2d 367].) One of the generally applicable reasons for the instruction is because "cases involving sex crimes generally arouse passion and prejudice in the minds of decent people, including jurors" (*People* v. *McGhee,* 123 Cal.App. 2d 542, 544 [266 P.2d 874]); "to the mind of the average citizen or juror, the mere fact that a person has been accused of the commission of such an offense seems to constitute sufficient evidence to warrant a verdict of 'guilty' " (*People* v. *Putnam, supra,* 20 Cal.2d 885, 891); and the consequent need for a cautionary instruction to insure a proper consideration of the evidence by the jury. (*Ibid.*) The failure to give an appropriate instruction in the case at bench was error. (*People* v. *Merriam,* 66 Cal.2d 390, 394-395 [58 Cal.Rptr. 1, 426 P.2d 161]; *People* v. *Nye,* 38 Cal.2d 34, 39-40 [237 P.2d 1]; *People* v. *Putnam, supra,* 20 Cal.2d 885, 891; *People* v. *Sutton,* 224 Cal.App.2d 708, 710-711 [37 Cal.Rptr. 23]; *People* v. *House,* 157 Cal.App.2d 151, 156 [320 P.2d 542].) However, the error does not require a reversal unless it is reasonably probable a different result would have been reached if the instruction had been given. (*People* v. *Wein,* 50 Cal.2d 383, 406 [326 P.2d 457]; *People* v. *Nye, supra,* 38 Cal.2d 34, 40; *People* v. *Sutton, supra,* 224 Cal.App.2d 708, 711.) A determination of this issue is dependent upon the circumstances in the case. (*People* v. *Nye, supra,* 38 Cal.2d 34, 40; *People* v. *House, supra,* 157 Cal.App.2d 151, 157.)

The offenses in the case at bench occurred at about 8:30 in the evening when the prosecutrix, a 17-year-old girl, en-

tered the front yard of her home. She saw an unclothed man on the ground in some bushes adjoining the sidewalk, shining a flashlight upon himself. There was a red rim around the flashlight. The man came out of the bushes and grabbed her. He was completely naked. A struggle ensued. The manner of the attack and the condition of the girl's clothing thereafter support a finding the assault was with intent to commit rape. The girl screamed. The man released her and ran toward the back of the house. She followed and saw him jump the back fence; get into a light colored 1962 or 1963 Ford Falcon automobile, which was parked in an alley; pull something over his head; and drive away. A neighbor, alerted by the screaming, ran into the alley; saw a naked man get into a Ford Falcon; and observed the driver as he passed by. The victim's brother also heard the screaming; came out of the house; and saw the automobile going down the alley. The police were notified. In a matter of minutes, within a short distance from the scene, an officer in a patrol car received a radio message relating the offense and describing the suspect as a person driving toward University Avenue in a 1962 white Ford Falcon automobile. The officer saw such an automobile being driven easterly on University Avenue at 35 to 40 miles per hour in a 25 mile zone, cutting in and out of traffic; caused the automobile to stop; and asked the driver to step out of the car. Defendant was the driver. The window on the driver's side of the automobile was down. The officer noted defendant's forehead was completely covered with what appeared to be perspiration. When defendant stepped out of the automobile he was wearing pants and a sweatshirt, but he did not have on shoes, sox or a belt; picked them off the floor in front of the seat; and put them on. Defendant also picked up and put on a wrist watch. Later the officer took from the car, attached by a magnet to the dash board, a flashlight with a red rim. When asked where he was coming from defendant told the officer he had been playing pool at a pool hall; later said he was not playing pool but had stopped at the pool hall, looked in but did not enter because he saw no one there whom he recognized. He also told the officer that previously on the same evening he had gone to visit a man at a boat, but the man was not on the boat, and he left.

Defendant was arrested. Thereafter, individual photographs of defendant and several other men were submitted to the victim for identification of the person who had assaulted

her. She selected the photographs of two men, including that of defendant, as those resembling the person in question.

At the trial the victim testified defendant resembled the man who had assaulted her. On cross-examination she was interrogated extensively concerning the physical features of the man who had committed the assault. Also on cross-examination she testified when she selected the two photographs there was a doubt in her mind whether defendant was the assailant.

The neighbor who saw a naked man get into the white Falcon testified defendant resembled the person driving the automobile as it passed him in the alley.

Defendant testified, in explanation of the fact he was not wearing shoes, sox or belt at the time the officer stopped him, that he left home shortly after taking a shower and dressing in accord with his usual habit of putting on his shorts, pants and sweatshirt, and throwing his shoes, sox, belt and wrist watch into the car. In explanation of the fact he was perspiring when stopped, he testified he had had the heater on and his car windows up while driving.

The primary issue in the case was one of identity. No motive of private vengeance or purpose for fabrication appears. The victim had the opportunity to observe her assailant. Her testimony is free of improbability or serious inconsistency, and was substantially corroborated by other evidence including the identifying testimony of the neighbor; the fact defendant was driving a white Falcon at a time and place near the time and place of the assault; the appearance of defendant at the time he was stopped; and his explanation for his presence in the neighborhood, his manner of dress, and the perspiration on his forehead, which bears the hallmark of fiction rather than reality. These circumstances dictate the conclusion failure to give the instruction was not prejudicial. (*People* v. *Merriam, supra,* 66 Cal.2d 390, 395; *People* v. *Nye, supra,* 38 Cal.2d 34, 41; *People* v. *Sutton, supra,* 224 Cal.App.2d 708, 712.)

The proceedings in the superior court were commenced by filing an information separately charging the felony and misdemeanor offenses. Preliminarily, defendant had been held to answer following an examination of the case against him before a judge of the municipal court in a proceeding instituted by filing a complaint separately charging the two offenses. Defendant contends the superior court did not have jurisdiction of the misdemeanor offense. In that court he un-

successfully urged this contention by appropriate objection and motion. Previously he had moved the municipal court to dismiss the misdemeanor for lack of prosecution within the time prescribed by section 1382, subdivision 3 of the Penal Code. The motion was denied. His contention of lack of jurisdiction in the superior court is premised in part on the claim the municipal court should have granted his motion to dismiss, and in part upon the claim the latter court alone had jurisdiction of the subject misdemeanor.

Pertinent to the case at bench are the provisions of the Penal Code that (1) "All public offenses triable in the superior court must be prosecuted therein by indictment or information . . ." (Pen. Code, § 737); (2) "Before an information is filed there must be a preliminary examination of the case against the defendant and an order holding him to answer . . ." (Pen. Code, § 738); (3) "The proceeding for a preliminary examination must be commenced by written complaint . . ." (Pen. Code, § 738), and conducted before a magistrate with whom the complaint is filed or of the court in which it is on file (Pen. Code, §§ 806, 859, 860); and (4) the offense charged must be an offense named in the order holding the defendant to answer or shown by the evidence taken before the magistrate to have been committed by him. (Pen. Code, § 739.) ■■ Also pertinent is the decision in *Kellett* v. *Superior Court*, 63 Cal.2d 822, 826, 827 [48 Cal.Rptr. 366, 409 P.2d 206], that a felony offense and a misdemeanor offense in which the same act or course of conduct of the accused plays a significant part "must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause"; under such circumstances joint prosecution of the felony and the misdemeanor in the superior court is authorized; and prosecution of one of these offenses in proceedings culminating in either acquittal or conviction and sentence will bar subsequent prosecution of the other offense. In *Kellett*, Penal Code sections respecting the jurisdiction of misdemeanor offenses were construed in light of Penal Code, sections 654 and 954, respectively proscribing multiple prosecutions and authorizing joinder of offenses. ■■ All sections of the code must be construed in harmony with each other as interpreted by the courts. (*Stafford* v. *Realty Bond Service Corp.*, 39 Cal.2d 797, 805 [249 P.2d 241].) Thus considered, language in the Penal Code sections cited by defendant in support of his position does not dictate the conclusion he advocates.

■ Compliance with the aforesaid rules dictates the conclusion a prosecution in the superior court of dual offenses subject to the proscription against multiple prosecutions, one of which is a felony and the other a misdemeanor, must be commenced by an information preceded by a preliminary examination of the case against defendant, unless waived, and and an order holding him to answer. (Pen. Code, §§ 737, 738, 860.) The preliminary examination proceedings must be before a magistrate with whom a complaint has been filed or of the court in which a complaint is on file. (Pen. Code, §§ 806, 859, 860.) The complaint initiating the proceedings may charge both the felony and the misdemeanor offenses, or the felony offense alone. However, the order holding defendant to answer must be for both offenses, or the evidence taken before the magistrate must show these offenses to have been committed. (Pen. Code, § 739.) ■ Where the complaint charges both offenses it is a complaint initiating the proceedings for a preliminary examination before a magistrate; it is not a complaint filed in a court for the purpose of trying the misdemeanor in that court; and is not subject to the dismissal provisions of Penal Code, section 1382, subdivision 3, requiring trial of the misdemeanor within a designated time.

The conviction should be affirmed as to both offenses. ■ On the other hand, the court imposed sentences on both offenses and, as the case is governed by the multiple punishment proscription in Penal Code, section 654, the sentence on the misdemeanor offense should be set aside. (*In re Wright,* 65 Cal.2d 650, 656 [56 Cal.Rptr. 110, 422 P.2d 998].)

The sentence on the indecent exposure offense is set aside; the judgment is modified accordingly; and as modified, the judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 8, 1968.