[No. B006965. Second Dist., Div. One. Mar. 7, 1985.]

LINDA RIVERA MEDELLIN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Mark Kaiserman and Ronald B. Davey, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

OPINION

SPENCER, P. J.—

### INTRODUCTION

Petitioner Linda Rivera Medellin seeks a writ of prohibition pursuant to Penal Code section 999a to restrain her trial on counts II and III of a three count information on the ground she was committed without reasonable or probable cause.

### STATEMENT OF FACTS

A complaint filed in the Municipal Court of the Los Angeles Judicial District charged petitioner in count I with driving or taking a vehicle without

consent of the owner, a felony, in violation of Vehicle Code section 10851; in count II with driving a vehicle under the combined influence of an alcoholic beverage and a drug, a misdemeanor, in violation of Vehicle Code section 23152, subdivision (a); in count III with use and being under the influence of a controlled substance, phencyclidine (PCP), a misdemeanor, in violation of Health and Safety Code section 11550, subdivision (b). At the preliminary hearing, the evidence presented showed a California Highway Patrol Officer observed petitioner driving a stolen automobile and petitioner admitted knowing the vehicle was stolen. No evidence was presented with respect to the two misdemeanor offenses. Petitioner was held to answer on all three counts by an information filed in the Superior Court of Los Angeles County.

Petitioner moved to set aside the information pursuant to Penal Code section 995. Among the grounds for the motion was the contention she was committed without reasonable or probable cause on counts II and III, inasmuch as no evidence was presented as to those offenses. The motion was denied.

Petitioner then filed with this court a petition for writ of prohibition, pursuant to Penal Code section 999a; the petition was denied. She petitioned the California Supreme Court for a hearing; that court granted a hearing and retransferred the matter to this court with directions to issue an alternative writ of prohibition. We issued said writ and ordered respondent to show cause why a peremptory writ should not issue.

## CONTENTION

Petitioner contends that where misdemeanor offenses are joined together with a felony for prosecution in superior court, the same procedure required for commitment on the felony offense, namely a finding of reasonable cause to commit, is required for commitment on the misdemeanor offenses. For the reasons set forth below, we agree.

## DISCUSSION

Misdemeanor offenses are generally tried in inferior courts and are prosecuted by written complaint. (Pen. Code, § 740; Gov. Code, § 72193.) Felonies are tried in superior court and prosecuted by indictment or information. (Pen. Code, § 737; Cal. Const., art. I, § 14.) If by information, there must be a preliminary examination of the case by a magistrate and an order holding the defendant to answer if it appears a public offense has been committed and there is sufficient cause to believe the defendant guilty thereof. (Pen. Code, §§ 738, 872.)

■ However, a misdemeanor offense may be joined with a felony offense for prosecution in superior court where the "same act or course of conduct of the accused plays a significant part [in both offenses]." (*People* v. *McKerney* (1967) 257 Cal.App.2d 64, 69 [64 Cal.Rptr. 614]; *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].) Penal Code section 954 allows joinder of two or more different offenses, whether felonies or felonies and misdemeanors, for trial in superior court in order to avoid needless repetition of evidence and save both the defendant and the state time and money. (*Id.*, at p. 826.)

Petitioner argues, where such joinder of felony and misdemeanor offenses occurs, the misdemeanor must be prosecuted in accordance with the procedures provided for prosecution of felonies in superior courts, not merely by written complaint, as is the case in inferior courts. She asserts this rule is implied in *McKerney,* in which the court concluded: "a prosecution in the superior court of dual offenses . . ., one of which is a felony and the other a misdemeanor, must be commenced by an information preceded by a preliminary examination of the case against defendant, unless waived, and an order holding him to answer. (Pen. Code, §§ 737, 738, 860.) . . . [T]he order holding defendant to answer must be for both offenses, or the evidence taken before the magistrate must show these offenses to have been committed. (Pen. Code, § 739.)" (257 Cal.App.2d at p. 70.) This implication may also be drawn from *Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530 [117 Cal.Rptr. 898], in which the court states: "If the magistrate finds probable cause to believe that the defendant committed both the felony and the misdemeanor offenses, he will hold defendant to answer to the superior court for trial on both offenses." (At p. 538.)

As additional support, petitioner cites *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081], which states the purpose of a preliminary examination is " 'to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of a criminal trial.' [Citations.]" (At p. 759.) The charges against the accused, including the enhancements at issue in *Mendella,* must be subject to judicial scrutiny within the preliminary hearing process. (*Ibid.*) Petitioner asserts misdemeanor charges which are slated for trial in superior court must be subject to judicial scrutiny for the same reasons.

Respondent, however, maintains the considerations in *Mendella* are inapplicable here, inasmuch as *Mendella* deals with "grave offenses," not misdemeanors. Moreover, respondent states: "[n]othing in *Kellett* suggested that the Supreme Court intended that the procedural safeguard governing felonies was to be extended to misdemeanors." The cases cited by petitioner

do not hold a misdemeanor charge must be supported by a magistrate's finding of probable cause before the information may be filed; such language is obiter dicta. Accordingly, respondent reasons, inasmuch as a preliminary examination and finding of probable cause are not required if the misdemeanor is tried in an inferior court, the fact the misdemeanor is joined with a felony for trial in superior court should not alter the nature of the accused's substantive rights in connection with the trial process.

However, the nature of the accused's substantive rights in connection with the trial process may be altered if the accused is tried on a misdemeanor charge in superior court rather than in an inferior court. For example, Penal Code section 1382, subdivision 3, provides an action must be dismissed if the defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after arraignment, if in custody, otherwise within 45 days. If the defendant is charged with both misdemeanor and felony offenses and an information is filed in superior court, subdivision 2 of section 1382 applies, requiring dismissal if the defendant is not brought to trial within 60 days after the information is filed. (*People* v. *McKerney, supra,* 257 Cal.App.2d 64, 70.) The fact defendant may have to wait twice as long before trial begins if she is tried in superior court on misdemeanor charges may justify allowing her the added procedural safeguards of a preliminary examination and a finding of probable cause before she is held over for trial.

Additionally, the Penal Code sections setting forth the procedures to be followed prior to trial in superior court are not limited to felony prosecutions. Section 737 requires that all *public offenses* triable in the superior court must be prosecuted by indictment or information; it is not specifically limited to felonies although, inasmuch as section 954 has been interpreted to allow joinder of misdemeanor and felony charges for trial in superior court, such a limitation might have been made had that been the intent of the Legislature. Section 739 requires a preliminary examination before an information is filed, and section 872 requires a magistrate's order holding the defendant to answer upon the magistrate's finding reasonable cause to believe a *public offense* has been committed by the defendant. Again, there is no limitation of these provisions to felonies.

That these provisions apply to misdemeanor and felony prosecutions alike in superior court was the conclusion reached in two early cases. In *In re Sing* (1910) 13 Cal.App. 736 [110 P. 693], it was claimed a preliminary examination was not required in misdemeanor cases in which the superior court functioned as a juvenile court. The court noted public offenses triable in the superior court must be prosecuted by indictment or information; the information must be filed after commitment by a magistrate. The court con-

cluded: "It follows, therefore, that the preliminary examination and commitment are precedent conditions to the information upon which, and upon which only, can the superior court proceed to try one charged with a public offense, even though it be a misdemeanor." (*Id.*, at p. 740.)

In *Gardner* v. *Superior Court* (1912) 19 Cal.App. 548 [126 P. 501], petitioners contended a verified complaint filed with the superior court was insufficient to give that court, sitting as a juvenile court, jurisdiction to try petitioners for a misdemeanor offense. The appellate court concluded the prosecution of the misdemeanor in question was subject to the general rules applicable to all misdemeanors triable in superior court. Filing the verified complaint in the superior court was insufficient to give that court jurisdiction inasmuch as prosecution of a case in the superior court must "be conducted under an information, as a prerequisite to the issuance of which the accused is entitled . . . to a preliminary examination and commitment, . . . [a procedure] which is applicable alike to the misdemeanor with which petitioners are charged, as well as to all others, jurisdiction to try which is vested in the superior court." (*Id.*, at pp. 551-552.)

For the foregoing reasons, we hold that where misdemeanor offenses are joined with felony offenses for trial in superior court, they are "public offenses triable in the superior court" (Pen. Code, § 737) and must be prosecuted in the same manner as required for felony offenses. This includes a finding of sufficient cause to believe the offense has been committed and the defendant is guilty thereof. (Pen. Code, § 872.)

Let a peremptory writ of prohibition issue as prayed.

Hanson (Thaxton), J., and Lucas, J., concurred.