[Crim. No. 13342. Third Dist. May 6, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
KARL THIECKE, Defendant and Respondent.

1016

**COUNSEL**

John K. Van de Kamp, Attorney General, Robert D. Marshall and Joel T. Carey, Deputy Attorneys General, for Plaintiff and Appellant.

Thomas H. Frankel for Defendant and Respondent.

**OPINION**

**PUGLIA, P.J.**—Following a preliminary examination, defendant Karl Thiecke was charged by information with two counts of felony: sale of a controlled substance (count I; Health & Saf. Code, § 11379) and possession

for sale of a controlled substance (count II; Health & Saf. Code, § 11378). The information also charged two counts of misdemeanor: carrying a concealed weapon in a vehicle (count III; Pen. Code, § 12025, subd. (a)), and carrying a loaded firearm in a vehicle (count IV; Pen. Code, § 12031, subd. (a)). Defendant pled not guilty to all counts and moved to set the information aside. (Pen. Code, § 995.) ██ The superior court granted the motion as to the misdemeanor charges (counts III and IV) because no evidence had been introduced at the preliminary hearing to support them.[1]

██ The People appeal. (Pen. Code, § 1238, subd. (a)(1).) They contend that a defendant is not entitled to a preliminary examination on misdemeanor charges as a condition to their prosecution in the superior court jointly with felonies charged in an information. However, the statute does not expressly preclude a preliminary hearing on misdemeanor charges. To the contrary, it contemplates that a preliminary hearing will be held in circumstances such as these. Therefore, we shall affirm.

██ ██ As a general rule, the superior court has no jurisdiction over misdemeanor offenses. (*In re McKinney* (1968) 70 Cal.2d 8, 13 [73 Cal.Rptr. 580, 447 P.2d 972].) These lesser crimes are prosecuted in inferior courts by verified written complaint. (Pen. Code, § 740.) An exception applies where misdemeanor and felony offenses are "connected together in their commission." (Pen. Code, § 954.) In such circumstances Penal Code section 954 permits joinder and the superior court then has jurisdiction to try both classes of offenses in a single prosecution. (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 826 [48 Cal.Rptr. 366, 409 P.2d 206]; see also *Burris* v. *Superior Court* (1974) 43 Cal.App.3d 530, 537-538 [117 Cal.Rptr. 898]; *People* v. *Clark* (1971) 17 Cal.App.3d 890, 895-896 [95 Cal.Rptr. 411]; *In re McKinney, supra,* 70 Cal.2d at p. 13.) No contention is made here that the misdemeanor and felony charges against defendant could not properly be joined in an accusatory pleading.

Penal Code section 737 provides that all "public offenses" triable in superior court must be prosecuted by indictment or information. Before an information can be filed, there must be a preliminary examination of the evidence against the defendant and an order holding him to answer for trial. (Pen. Code, §§ 738, 739, 872.)

---

[1]Although it appears only one of the two misdemeanors was charged in the felony complaint, that fact is of no significance to our decision because an offense not charged in the felony complaint nonetheless can be charged in the information if shown by the evidence at the preliminary hearing and if transactionally related to the crime or crimes for which defendant was held to answer. (See Pen. Code, § 739; *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754, 764 [191 Cal.Rptr. 1, 661 P.2d 1081].)

Public offenses include both misdemeanors and felonies. (Pen. Code, §§ 15, 16.) Penal Code section 860 contemplates a preliminary examination where the public offense is "Not a felony, but within the jurisdiction of the superior court, . . ." (Subd. 1.) A misdemeanor connected in its commission and jointly charged with a felony is within the jurisdiction of the superior court (*Kellett, supra,* at p. 826).

Accordingly where, as here, a preliminary hearing has not been waived, misdemeanor charges in an information filed in superior court are subject to dismissal if the evidence taken before the magistrate does not establish probable cause to believe defendant guilty thereof. (Accord *Burris v. Superior Court, supra,* 43 Cal.App.3d at p. 538; *People v. McKerney* (1967) 257 Cal.App.2d 64, 70 [64 Cal.Rptr. 614].) As no evidence was presented at the preliminary hearing to support the misdemeanor charged in counts III and IV of the information, the court properly dismissed those counts.

The order of dismissal is affirmed.

Blease, J., and Carr, J., concurred.