[No. B228470. Second Dist., Div. Six. June 21, 2011.]

PAUL STEPHEN GRIFFITH, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

944

**COUNSEL**

Stephen P. Lipson, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Gregory D. Totten, District Attorney, and Lisa O. Lyytikainen, Deputy District Attorney, for Real Party in Interest.

**OPINION**

**PERREN, J.**—Paul Stephen Griffith (petitioner) is charged in an information with a felony and two misdemeanors. He moved to set aside one of the misdemeanors on the ground that no evidence supporting the charge was offered at the preliminary hearing. (Pen. Code,[1] § 995, subd. (a)(2)(B).) The

---

[1] All statutory references are to the Penal Code, unless otherwise noted.

trial court concluded that cases establishing the need to present such evidence (e.g., *Medellin v. Superior Court* (1985) 166 Cal.App.3d 290 [212 Cal.Rptr. 171] (*Medellin*); *People v. Thiecke* (1985) 167 Cal.App.3d 1015 [213 Cal.Rptr. 731] (*Thiecke*)), are no longer controlling in light of subsequent amendments to the governing statutory scheme. We conclude that the statutory changes at issue—the 1990 addition of section 866, subdivision (b) pursuant to Proposition 115, and the 1998 amendment of section 737 to account for trial court unification—were not intended to abolish the long-standing rule that misdemeanors included in an information are subject to dismissal under section 995 if not supported by a showing of probable cause at the preliminary hearing. Accordingly, we shall grant the writ.

## FACTS AND PROCEDURAL HISTORY

Petitioner was initially charged by felony complaint with one count of second degree burglary (§ 459) and misdemeanor counts of petty theft and being under the influence of a controlled substance (§ 484, subd. (a); Health & Saf. Code, § 11550, subd. (a)). At the preliminary hearing, the prosecution presented evidence that petitioner stole a pair of shoes from a retail shoestore in Newbury Park. At the conclusion of the hearing, petitioner urged the court "to make [a] no holding order" as to the misdemeanor count of being under the influence (count 2) due to the fact that "[t]here has been no evidence [of the charge] in any way, shape or form."[2] The prosecutor responded that "the People are not required to prove misdemeanors at prelim, and that is why there was no evidence elicited." The trial judge, sitting as magistrate, concluded, "[t]here's a conflict in the case as the Court finds that there was no need to put on evidence with regard to Count 2, so he is held over on all counts . . . ."

The prosecution thereafter filed an information charging petitioner with all three of the counts included in the felony complaint. Petitioner filed a motion to set aside count 2 of the information pursuant to section 995, and the People filed an opposition. The court denied the motion, and petitioner sought writ relief. After we issued an order summarily denying the petition, the Supreme Court granted review and ordered us to vacate that order and issue a new order directing respondent (the Superior Court of Ventura County) to show cause why the writ should not issue. The People subsequently filed an answer to the petition, and petitioner filed a reply.

## DISCUSSION

█ Case law establishes that misdemeanors joined with felonies in an information are subject to being set aside under section 995 if not supported

---

[2] Petitioner did not dispute the count charging petty theft because it is based on the evidence giving rise to the felony burglary charge.

by evidence presented at the preliminary hearing. (E.g., *Medellin, supra,* 166 Cal.App.3d at pp. 293–295; *Thiecke, supra,* 167 Cal.App.3d at pp. 1017–1018; see also *People v. Thrasher* (2009) 176 Cal.App.4th 1302, 1313 [98 Cal.Rptr.3d 693] (*Thrasher*) [citing *Thiecke* with approval].) In concluding that it was not bound by this precedent, the trial court adopted the People's position that the cases were rendered obsolete by a 1990 amendment to the statutory scheme that was enacted pursuant to Proposition 115, and by another amendment enacted in 1998 to account for unification of the trial courts. Our analysis of the cases, the statutory scheme, and the relevant amendments thereto demonstrates otherwise. Because it is undisputed that no evidence was offered at the preliminary hearing to support the charge that petitioner was under the influence of a controlled substance, his motion to have the charge set aside should have been granted.

I.

*The Statutory Scheme*

Felonies and misdemeanors are both defined as "public offenses." (§§ 15, 16.) Felonies, with exceptions not relevant here, must be prosecuted by information. (§ 737; Cal. Const., art. I, § 14.) Misdemeanors must be prosecuted by complaint "[e]xcept as otherwise provided by law." (§ 740.) Misdemeanors may be joined with felony offenses in an information when the crimes are "connected in their commission or hav[e] a common element of substantial importance in their commission." (*Kellett v. Superior Court* (1966) 63 Cal.2d 822, 825, 826, fn. 3 [48 Cal.Rptr. 366, 409 P.2d 206]; §§ 949, 954.) The filing of an information must be preceded by a preliminary hearing before a magistrate, followed by an order holding the defendant to answer in accordance with section 872. (§ 738.) The proceeding for a preliminary hearing is commenced by a written complaint. (*Ibid.*)

At the conclusion of the preliminary hearing, the magistrate shall order the complaint dismissed if "it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense . . . ." (§ 871.) "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty, the magistrate shall make or indorse on the complaint an order, signed by him or her, to the following effect: 'It appearing to me that the offense in the within complaint mentioned (or any offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe that the within named A.B. is guilty, I order that he or she be held to answer to the same.' " (§ 872, subd. (a).) An information filed after a preliminary hearing conducted pursuant to section 872 must "charge the defendant with either the

offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed." (§ 739.) The information cannot thereafter be amended "so as to charge an offense not shown by the evidence taken at the preliminary examination." (§ 1009.) A defendant charged by information may move the court to dismiss one or more of the counts on the ground that it was not supported by a finding of reasonable or probable cause at the preliminary hearing. (§ 995, subd. (a)(2)(B); *People v. Burnett* (1999) 71 Cal.App.4th 151, 165–166 [83 Cal.Rptr.2d 629].)

## II.

### *The Prior Cases Requiring Evidence of All Charges at the Preliminary Hearing*

The first case to hold that misdemeanors charged by information must be supported by a showing of probable cause at the preliminary hearing was issued over 100 years ago. (*In re Sing* (1910) 13 Cal.App. 736, 740 [110 P. 693].) Other cases followed. (*Gardner v. Superior Court* (1912) 19 Cal.App. 548, 551–552 [126 P. 501]; *People v. McKerney* (1967) 257 Cal.App.2d 64, 70 [64 Cal.Rptr. 614]; *Burris v. Superior Court* (1974) 43 Cal.App.3d 530, 538 [117 Cal.Rptr. 898].) In 1985, two different appellate courts issued decisions reaffirming the principle. (*Medellin, supra,* 166 Cal.App.3d at pp. 293–295; *Thiecke, supra,* 167 Cal.App.3d at pp. 1017–1018.)

All of these cases were decided prior to trial court unification, when misdemeanors were generally tried in the municipal court and were only tried in the superior court when joined with a felony. To that end, section 737 provided that "[a]ll public offenses triable in the superior court shall be prosecuted therein by indictment or information . . . ." (Former § 737; see *Medellin, supra,* 166 Cal.App.3d at p. 294; *Thiecke, supra,* 167 Cal.App.3d at pp. 1017–1018.) The defendant in *Medellin* sought a writ of prohibition following the denial of her section 995 motion to set aside two misdemeanors charged by information for which no evidence had been presented at the preliminary hearing. (*Medellin,* at pp. 291–292.) In *Thiecke,* the People appealed from an order granting a section 995 motion on the same grounds. (*Thiecke,* at pp. 1016–1017.) Both courts held, as a matter of statutory interpretation, that the Penal Code statutes setting forth the procedures to be followed when prosecuting a felony by information applied with equal force to misdemeanors included in an information. The *Medellin* court reasoned in part as follows: "Section 737 requires that all *public offenses* triable in the superior court must be prosecuted by indictment or information; it is not specifically limited to felonies although, inasmuch as section 954 has been interpreted to allow joinder of misdemeanor and felony charges for trial in

superior court, such a limitation might have been made had that been the intent of the Legislature. Section 739 requires a preliminary examination before an information is filed, and section 872 requires a magistrate's order holding the defendant to answer upon the magistrate's finding reasonable cause to believe a *public offense* has been committed by the defendant. Again, there is no limitation of these provisions to felonies." (*Medellin, supra*, at p. 294.)[3] The court in *Thiecke* similarly reasoned: "Penal Code section 737 provides that all 'public offenses' triable in superior court must be prosecuted by indictment or information. Before an information can be filed, there must be a preliminary examination of the evidence against the defendant and an order holding him to answer for trial. (Pen. Code, §§ 738, 739, 872.)" (*Thiecke*, at p. 1017.) Both courts cited the earlier cases reaching the same conclusion.[4] *Thiecke* was recently cited with approval by our colleagues in Division Eight. (*Thrasher, supra*, 176 Cal.App.4th at p. 1313.)

### III.

### *Analysis*

In this case, there is no dispute that petitioner is charged by information with a misdemeanor for which no evidence was presented at the preliminary hearing. The People also agree that *Medellin* and *Thiecke* (and, by implication, the earlier cases upon which they relied) were correctly decided under the law as it then existed. They claim, however, that the cases were effectively abrogated by two subsequent amendments to the statutory scheme upon which the holdings were based. First, the People selectively quote the 1990 enactment of subdivision (b) of section 866 for the proposition that "[i]t is the purpose of a preliminary examination to establish whether there exists *probable cause to believe that the defendant has committed a felony* . . . ." The People then offer that section 737, which was amended in 1998 to account for unification of the superior and municipal courts, now refers to "felonies" instead of "*public offenses* triable in the superior court." As we

---

[3] In reaching its conclusion, the court in *Medellin* further noted that an in-custody defendant charged by misdemeanor complaint is entitled to a dismissal if the action is not brought to trial within 30 days after arraignment (or within 45 days after arraignment if the defendant was not in custody), while a misdemeanor charged by information is not subject to dismissal until 60 days after the information was filed. (*Medellin, supra*, 166 Cal.App.3d at p. 294, citing § 1382, former subds. (2) & (3).) The court reasoned that "[t]he fact defendant may have to wait twice as long before trial begins if she is tried in superior court on misdemeanor charges may justify allowing her the added procedural safeguards of a preliminary examination and a finding of probable cause before she is held over for trial." (*Medellin*, at p. 294.)

[4] (*Medellin, supra*, 166 Cal.App.3d at pp. 294–295, citing *In re Sing, supra*, 13 Cal.App. at p. 740 and *Gardner v. Superior Court, supra*, 19 Cal.App. 548, 551–552; *Thiecke, supra*, 167 Cal.App.3d at p. 1018, citing *Burris v. Superior Court, supra*, 43 Cal.App.3d at p. 538 and *People v. McKerney, supra*, 257 Cal.App.2d at p. 70.)

shall explain, neither of these amendments, when considered in the context of their stated purpose and the overall statutory scheme, was intended to alter the well-established requirement that misdemeanors included in an information must be supported by a showing of probable cause at the preliminary hearing.

■ "In construing a statute, our fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. [Citation.] We begin with the language of the statute, giving the words their usual and ordinary meaning. [Citation.] The language must be construed 'in the context of the statute as a whole and the overall statutory scheme, and we give "significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation.]" (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) "If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.] In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences. [Citation.]" (*Ibid.*) " 'It is a well-settled maxim of statutory construction that "a statute is to be construed in such a way as to render it 'reasonable, fair and harmonious with [its] manifest [legislative] purposes . . . .' [citations], and the literal meaning of its words must give way to avoid harsh results and mischievous or absurd consequences." ' [Citations.]" (*Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436, 1449 [86 Cal.Rptr.3d 482].) ■ "In addition, penal statutes are generally construed most favorably to the defendant. [Citation.] The same principles of statutory interpretation also apply to voter initiatives. [Citation.]" (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727 [53 Cal.Rptr.3d 189].)

A.

*The 1990 Addition of Section 866, Subdivision (b) Pursuant to Proposition 115*

In 1990, the voters of this state enacted an initiative measure designated as Proposition 115 and entitled the "Crime Victims Justice Reform Act." Among other things, Proposition 115 amended the law to allow the admission of hearsay evidence to establish the requisite probable cause at preliminary hearings. (Cal. Const., art. I, § 30, subd. (b); *Whitman v. Superior Court* (1991) 54 Cal.3d 1063, 1070 [2 Cal.Rptr.2d 160, 820 P.2d 262] (*Whitman*).) For purposes relevant here, subdivision (b) of section 866 was added to provide that "[i]t is the purpose of a preliminary examination to establish whether there exists probable cause to believe that the defendant has committed a

felony. The examination shall not be used for purposes of discovery." The People contend, and the trial court agreed, that the reference to a "felony" instead of a "public offense" reflects by negative implication the voters' intent to eliminate the requirement that misdemeanors charged by information must be supported by a showing of probable cause at the preliminary hearing.

■ We are not persuaded. Nothing in the text of Proposition 115 or the supporting ballot materials supports the People's position. When considered in context, it is apparent that the preliminary hearing's stated purpose of "establish[ing] whether there exists probable cause to believe that the defendant has committed a felony" (§ 866, subd. (b)) is not intended to preclude the consideration of misdemeanors that are joined with a felony, but rather merely informs the immediately following principle that the hearing "shall not be used for purposes of discovery." (*Ibid.*) In addressing the provision, our Supreme Court noted that "[u]nder that measure, the very purpose of the [preliminary] hearing has been considerably narrowed: 'It is the purpose of a preliminary examination to establish whether there exists probable cause to believe that the defendant has committed a felony. *The examination shall not be used for purposes of discovery.*' (Pen. Code, § 866, subd. (b), italics added.) [¶] The foregoing statutory pronouncement marks a sharp contrast to this court's previous expansive concept of the preliminary hearing as a discovery and trial preparation device, allowing counsel the opportunity to 'fashion' their impeachment tools for use in cross-examination at trial, to preserve testimony favorable to the defense, and to provide the defense 'with valuable information about the case against the accused, enhancing its ability to evaluate the desirability of entering a plea or to prepare for trial.' [Citation.]" (*Whitman, supra,* 54 Cal.3d at pp. 1080–1081.)

There is nothing inherently remarkable in recognizing that the purpose of a preliminary hearing is to determine whether a felony has been committed. Every preliminary hearing necessarily involves such a determination. The mere statement of this purpose does not, however, foreclose the possibility that a magistrate might also be called on to decide whether a misdemeanor has been committed. Other statutes added or amended under Proposition 115 refer to a preliminary examination being set "in a felony case" and define the magistrate's duty as determining whether a "public offense" has been committed. (§§ 871.6, 872, subd. (a).) Proposition 115 did *not* amend section 737, which at the time made clear that all "public offenses" triable in the superior court were to be prosecuted by information. Section 872 also continued to provide (and still does) that the magistrate only has the authority to issue a commitment order with regard to charges supported by probable cause at the preliminary hearing, while section 739 continues to unequivocally provide that any information filed after the hearing must "charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have

been committed." No distinction is made between felony offenses and misdemeanor offenses. (See, e.g., *People v. Burnett, supra,* 71 Cal.App.4th at pp. 165–166 ["a defendant may not be prosecuted for an offense not shown by the evidence at the preliminary hearing or arising out of the transaction upon which the commitment was based"]; *People v. Graff* (2009) 170 Cal.App.4th 345, 360 [87 Cal.Rptr.3d 827] [quoting same].)[5]

■ When the language of section 866, subdivision (b) is considered in the context of the overall statutory scheme and in a light most favorable to the defendant, it cannot be said that the reference to a "felony" was intended to abrogate the long-standing requirement that misdemeanors charged in an information must be supported by evidence presented at the preliminary hearing. The trial court erred in concluding otherwise.

B.

*The 1998 Amendment of Section 737 to Account for Trial Court Unification*

With the exception of *Thrasher,* all of the cases recognizing that misdemeanors charged by information must be supported by a showing of probable cause at the preliminary hearing were issued prior to the 1998 unification of the trial courts.[6] According to the People, this distinction is determinative because the cases were decided when section 737 stated that "[a]ll public offenses triable in the superior court" had to be tried by information, while the statute now refers only to "felonies." The People argue that this change reflects the Legislature's intent to alter the procedure for prosecuting misdemeanors that are joined with felonies. The Legislature, however, has expressly disavowed such an intent.

■ In undertaking the daunting and unenviable task of rewriting the Penal Code to accommodate trial court unification, the Legislature added two new definitions. A "felony case" is now defined as "a criminal action in which a felony is charged and includes a criminal action in which a

---

[5] The magistrate will also be required to determine whether there is probable cause to believe a misdemeanor has been committed when the crime is a "wobbler" and the evidence presented at the hearing does not support a felony charge. (§ 17, subd. (b); *People v. Nickerson* (2005) 128 Cal.App.4th 33, 38–39 [26 Cal.Rptr.3d 563].)

[6] "Proposition 220, enacted in 1998, amended the state Constitution to permit the voluntary unification of the municipal and superior courts, and, thereafter, Senate Bill No. 2139 (1997–1998 Reg. Sess.) was enacted to make various statutory changes to implement and conform to the unification of the trial courts pursuant to the constitutional amendment. [Citations.]" (*Lempert v. Superior Court* (2003) 112 Cal.App.4th 1161, 1169, fn. 3 [5 Cal.Rptr.3d 700].)

misdemeanor or infraction is charged in conjunction with a felony," while a "misdemeanor or infraction case" is defined as "a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subds. (f) & (g).) The Law Revision Commission comment accompanying the statute creating these definitions states that "[t]he revision of this and other statutes to accommodate unification of the municipal and superior courts in a county is intended generally *to preserve existing procedures for criminal cases* by replacing references to superior court criminal cases with references to felony cases, and by replacing references to municipal court criminal cases with references to misdemeanor and felony cases." (Cal. Law Revision Com. com., 50 pt. 1 West's Ann. Pen. Code (2008 ed.) foll. § 691, p. 132, italics added.) The Law Revision Commission Report on the recommended changes further explains that "the Commission has narrowly limited its recommendations to generally preserve existing procedures in the context of unification. *The objective of the proposed revisions is to preserve existing rights and procedures despite unification . . . .*" (Recommendation: Trial Court Unification: Revision of Codes (July 1998) 28 Cal. Law Revision Com. Rep. (1998) p. 60, italics added.) In other words, it is clear that the purpose of the amendments "was to preserve the status quo concerning the handling of felony and misdemeanor cases." (*People v. Nickerson, supra*, 128 Cal.App.4th at pp. 37–38.) The Legislature's intent to preserve the status quo regarding the prosecution of "felony cases" such as this one is further reflected in the fact that another statute was revised to state that a "felony case" is to be prosecuted by indictment or information. (§ 949.)[7] ■ This statement is consistent with the remainder of the statutory scheme, which plainly reflects that no crime, be it a felony or a misdemeanor, can be included in an information unless it has been supported by a showing of probable cause at the preliminary hearing. (§§ 737–740, 871–872.) Because the People made no such showing with regard to the charge of being under the influence, petitioner is entitled to have the charge set aside in accordance with section 995.

---

[7] Section 949 states in pertinent part: "The first pleading on the part of the people in the superior court in a felony case is the indictment, information, or the complaint in any case certified to the superior court under Section 859a. The first pleading on the part of the people in a misdemeanor or infraction case is the complaint except as otherwise provided by law." Prior to the 1998 amendment, the statute read: "The first pleading on the part of the people in the superior court is the indictment, information, accusation, or the complaint in any case certified to the superior court under Section 859a or the complaint filed in accordance with the provisions of Section 272. The first pleading on the part of the people in all inferior courts is the complaint except as otherwise provided by law."

Let a peremptory writ issue directing the respondent superior court to vacate its order denying petitioner's motion to set aside the information against him with regard to count 2, and enter a new and different order granting said motion.

Gilbert, P. J., and Coffee, J., concurred.