Filed 4/3/26  P. v. Arndt CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER DEAN ARNDT,<br><br>        Defendant and Appellant. | A172587<br><br>(Riverside County Super Ct.<br> Nos. BAF2001399, BAF2200003) |

Christopher Dean Arndt appeals from a judgment after a jury trial convicting him of four misdemeanors and one felony arising out of two separate incidents in which Arndt was arrested for possession of methamphetamine while armed.  On appeal, Arndt contends:  (1) the inclusion in the information of two misdemeanor charges not shown at the preliminary hearing is reversible error; (2) the consolidation of his two cases is prejudicial error; and (3) the trial court erred by permitting improper opinion testimony by a witness.  The Attorney General concedes proceeding to trial on the two misdemeanors not heard at the preliminary hearing was error.  We agree and order those convictions stricken; however, we affirm the remaining counts because the evidence of the misdemeanor offenses introduced at trial would otherwise have been admissible and we see no error in the witness testimony.

1

## BACKGROUND

On November 17, 2020, the People filed a felony complaint arising out of a November 14, 2020 incident charging Arndt with the unlawful possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1) and for carrying a loaded firearm on his person in a vehicle while in a public place (Pen. Code,[1] § 25850, subd. (c)(6)). Shortly after midnight on November 14, a police officer observed Arndt "slumped" over the steering wheel of his parked but running vehicle in a Starbucks parking lot. After Arndt failed to respond to the officer knocking on the window, the officer opened the driver's side door to perform a safety check and observed a pistol in "plain view" "inside a black leather holster concealed in the door pocket panel of the driver's side door of the Ford F-250." Officers retrieved the weapon, which was an unloaded silver .380 semiautomatic handgun.[2] Arndt was removed from the vehicle and searched; a "bindle" of crystal methamphetamine weighing 94 grams was found in Arndt's boot.

On January 4, 2022, the People filed a second felony complaint arising out of a November 27, 2021 incident charging Arndt with felony possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1; count 1); misdemeanor carrying a loaded firearm on his person and in a vehicle while in a public place (§ 25850, subd. (c)(7); count 2); and misdemeanor possession of an opium pipe (Health & Saf. Code, § 11364, subd. (a); count 4).[3] At 2:30 p.m. on November 27, an officer noticed an older

---

[1] Further undesignated statutory references are to the Penal Code.

[2] As is discussed below, the complaint was later amended consistent with the *unloaded* status of the firearm.

[3] The passenger in the vehicle was also found with 7.72 grams of methamphetamine on his person and named as a codefendant in counts 3 and

2

model Dodge pickup with "temporary plates" in a Walmart parking lot.  Two hours later, loss prevention alerted the officer to the same "suspicious" vehicle in a different part of the lot.  As the officer approached the truck, he saw the driver, later identified as Arndt, "kind of leaned forward towards the floorboard," as if "he might be trying to conceal something."  When the officer walked to the driver's window he noticed "what looked like a glass methamphetamine pipe near the center console of the truck."  After Arndt was removed from the truck, officers located additional methamphetamine in a bag weighing 8.82 grams next to the previously observed pipe and a loaded nine-millimeter semiautomatic handgun under the driver's seat.  After being read his *Miranda*[4] rights and agreeing to speak with the officers, Arndt denied possession of the methamphetamine and the firearm but also stated, " 'It's not his,' " referring to the passenger in the truck.

On August 31, 2023, the date scheduled for the preliminary hearing on both cases, the People amended the complaint arising out of the November 2020 incident to allege only misdemeanors for unlawfully carrying a concealed firearm inside a vehicle (§ 25400, subd. (c)(7); count 1) and the unlawful possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2).  No preliminary hearing was held concerning the November 2020 incident, and the matter was continued for jury trial.  Shortly thereafter, the case arising out of the November 2021 incident proceeded to preliminary hearing, and Arndt was held to answer as charged.

Almost one year later, on July 23, 2024, the People moved to consolidate the two cases pursuant to section 954.  Arndt filed a written

---

4 but did not proceed to trial with Arndt.  As the codefendant's case is not before us, we do not discuss it further.

    [4] *Miranda v. Arizona* (1969) 384 U.S. 436.

objection to the consolidation, arguing he would be prejudiced because the incidents were "not connected together in their commission and happened a year apart from each other." At the August 2024 hearing on the motion, the trial court offered a preliminary indication in response to Arndt's claim of prejudice, "Let's say the defendant only had one case charged and the other case was uncharged, could the People bring in that uncharged case under 1101. And the answer to that is yes, and for all the reasons that 1101 states. So when the answer to that is yes, then the answer to the consolidation is yes." The parties submitted the matter without argument, and the court granted the consolidation request.

Consistent with the consolidation order, on September 13, 2024, the People filed a first amended information in the felony docket alleging a total of five counts: misdemeanor counts 1 and 2 pertained to the November 14, 2020 incident, and felony count 3 and misdemeanor counts 4 and 5 pertained to the November 27, 2021, incident.[5] At the ensuing jury trial, Sergeant Jake Clark, the responding officer in the November 2021 incident, testified Arndt's statements that the methamphetamine and pipe discovered were " 'not his,' " referring to the passenger, led Clark to the "logical conclusion" that they belonged to Arndt. Arndt also testified and admitted the charges arising out of the November 2020 incident and admitted the firearm in the vehicle in the

---

[5] The amended information alleged misdemeanor carrying a concealed firearm inside a vehicle (§ 25400, subd. (a); count 1); misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 2); felony possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1; count 3); misdemeanor carrying a loaded firearm on the person and in a vehicle while in a public place (§ 25850, subd. (c)(7); count 4); and misdemeanor possession of an opium pipe (Health & Saf. Code, § 11364, subd. (a); count 5).

November 2021 incident was his but denied possessing the methamphetamine or the pipe. Arndt was found guilty of all counts.

Arndt timely appeals.

## DISCUSSION

Arndt raises three arguments on appeal: (1) the inclusion of the misdemeanor counts 1 and 2 in the amended information is reversible error because they were not shown at the preliminary hearing; (2) the consolidation of his two cases was prejudicial error; and (3) the trial court erred by permitting improper opinion testimony at trial. We agree with Arndt's first argument but are not persuaded by the others.

### I. *Amended Information and Prejudice*

Section 1009 provides that, "An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." In section 1009, no distinction is made between felony offenses and misdemeanor offenses. Thus, "misdemeanors included in an information must be supported by a showing of probable cause at the preliminary hearing." (*People v. Griffith* (2011) 196 Cal.App.4th 943, 951.) If not, an amendment that results in a conviction of the erroneously added offense is reversible error. (*People v. Dominguez* (2008) 166 Cal.App.4th 858, 867–868 [conviction of improperly added charges is "unquestionably prejudicial"].)

Arndt argues that all of his convictions must be reversed because the improper amendment of the information, allowing the unproven misdemeanors to be tried with the properly charged offenses that had proceeded to preliminary hearing, "deprived the appellant of a critical procedural safeguard." This error, resulting from the improper joinder of the cases, fatally prejudiced Arndt's trial "since he intended to present separate

5

defenses." Specifically, as Arndt ultimately testified, he wished to admit he possessed an unloaded firearm and methamphetamine in November 2020 and also possessed a gun in November 2021 but deny that the methamphetamine and pipe recovered from the center console in November 2021 were his. Arndt now argues that these "inconsistent defenses" created "a substantial risk that the jury [would] be unable to compartmentalize the evidence." He contends, "The jury was likely influenced by the evidence from both incidents cumulatively. The admission of guilt in the first case could have negatively impacted the jury's assessment of his defense in the second case, where he claimed the methamphetamine belonged to the passenger." Thus, he contends, full reversal is required because the joinder was unduly prejudicial.

The Attorney General concedes error in the court's allowance of the unproven misdemeanor counts to go to trial and agrees the related verdicts as to counts 1 and 2 should be stricken but argues, "the judgment should be affirmed in all other respects because the trial court properly consolidated the two cases given that the charges would have been cross-admissible at trial."[6]

---

[6] Both parties agree that Arndt forfeited his claim on appeal by failing to object to the improper amendment on September 13, 2023, or before trial, but both ask us to consider the merits to avoid a claim of ineffective assistance of counsel. We agree the claim was forfeited but exercise our discretion to decide the impact of the errant amendment. (See *People v. Burnett* (1999) 71 Cal.App.4th 151, 179, 181 [concluding the issue of prosecution for an offense not shown at the preliminary hearing was waived but reversing for prejudicial ineffective assistance of counsel for failure to object with specificity because "a superior court lacks authority to try a defendant for a felony charged by information with an offense not previously subjected to a preliminary hearing"]; § 996 ["If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in Section 995"]; but see *People v. McCullough* (2013) 56 Cal.4th 589, 593 ["neither forfeiture nor application of

6

We agree that permitting the two misdemeanor counts arising out of the November 2020 incident to proceed to trial as part of a felony information without having been shown at the preliminary hearing was error and requires the reversal of the convictions for counts 1 and 2 at a minimum. (See *People v. Dominguez*, *supra*, 166 Cal.App.4th at pp. 867–868.) This determination of error and ordered reversal renders Arndt's joinder challenge moot. (See *In Re Antoine D.* (2006) 137 Cal.App.4th 1314, 1324 ["An appeal is moot, and should be dismissed, when any ruling by this court would not have practical impact or provide the parties effectual relief"].)

However, in order to reach the basis of Arndt's claim, we interpret his joinder argument to contend that the inclusion of the two misdemeanors arising out of his November 2020 detention in the trial concerning the November 2021 incident was unduly prejudicial such that his November 2021-related convictions (counts 3–5) also require reversal. (See *City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, fn. 6 ["we reframe the . . . argument to comport with the contention actually raised on appeal"].) We then read the Attorney General's response as arguing the cross-admissibility of the conduct underlying counts 1 and 2, as implicitly determined by the joinder court, means there was neither error nor prejudice in the joinder of the two cases or in the presentation of evidence of the 2020 incident at the trial concerning the 2021 incident. Considering the evidence of the 2020 incident presented at trial in the context of Evidence Code section 1101, subdivision (b), we see no error requiring reversal.

An accusatory pleading may charge "two or more different offenses of the same class of crimes or offenses," and "if two or more accusatory

the forfeiture rule is automatic," and appellate courts have discretion to review otherwise forfeited challenges].)

7

pleadings are filed in such cases in the same court, the court may order them to be consolidated." (§ 954.) Where the "statutory requirements for joinder . . . have been met, petitioner can establish error in the trial court's ruling allowing joint trial . . . only by making a *'clear showing of prejudice . . . .'* " (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1220 [affirming the denial of a motion to sever].) "[I]f evidence underlying the offenses in question would be 'cross-admissible' in separate trials of other charges, that circumstance normally is sufficient, standing alone, to dispel any prejudice . . . ." (*Id.* at p. 1221.) Evidence of other crimes is inadmissible to prove conduct on a specified occasion unless that evidence is offered to prove a fact "such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." (Evid. Code, § 1101, subd. (b).) "The least degree of similarity is required to prove intent or mental state. A higher degree is required to prove common plan, and the highest degree to prove identity." (*People v. Thomas* (2011) 52 Cal.4th 336, 355.) "[A] judgment will be reversed . . . only if it is 'reasonably probable that the jury was influenced [by the [consolidation]] in its verdict of guilt.' " (*People v. Merriman* (2014) 60 Cal.4th 1, 49.)

Before the lower court, the People argued joinder was appropriate because "there is cross-admissibility of the 2020 misdemeanor facts in the 2021 felony matter as the cases are so similar that the [P]eople would introduce them as 1101b evidence" and the "facts in both cases are nearly identical." In ruling on the motion to consolidate, the court appropriately stated, "I need to be mindful of the effect that [consolidation is] going to have on a defendant, especially as it relates to the issue of prejudice." It posited, "Let's say the defendant only had one case charged and the other case was

8

uncharged, could the People bring in that uncharged case under 1101.  And the answer to that is yes, and for all the reasons that 1101 states."

Although the court did not expound upon its reasoning—and the People did not articulate their specific theory of admissibility under Evidence Code section 1101, subdivision (b)—we agree with the lower court's conclusion.  It is undisputed that misdemeanor and felony possession of methamphetamine are "offenses of the same class" of crimes and therefore are joinder eligible. (§ 954; *People v. Lucky* (1988) 45 Cal.3d 259, 275 [offenses must all have "common characteristics" or attributes to be offenses within the same class of crimes].)  The contested question is prejudice, so we consider the admissibility of the misdemeanor conduct under Evidence Code section 1101, subdivision (b).  (See *People v. Merriman*, *supra*, 60 Cal.4th at pp. 46, 49.) Here, both the 2020 and 2021 conduct involved the police discovery of Arndt in a vehicle that was parked in a store parking lot.  Although the detentions were just over a year apart and involved different vehicles, in each, Arndt was found in the driver's seat with a semiautomatic handgun in his immediate vicinity (in the driver's side door and under the driver's seat).  In each incident, methamphetamine was also found on Arndt's person or in his close vicinity (a 94-gram bindle in his boot and a baggie weighing 8.82 grams near the center console next to a "glass methamphetamine pipe").  Neither incident involved comparatively stronger or weaker evidence or charges that might otherwise increase the risk of prejudice, particularly when Arndt testified the firearms recovered in both incidents were his.[7]  (*People v. Ybarra*

---

[7] In fact, even though other acts conduct properly admitted under Evidence Code section 1101, subdivision (b) need normally be proven only by a preponderance of the evidence, in this instance, sufficient evidence was presented to prove the conduct occurred beyond a reasonable doubt, as the jury's convictions of guilt on the two misdemeanors (counts 1 & 2)

9

(2016) 245 Cal.App.4th 1420, 1436 ["[T]o demonstrate the potential for a prejudicial spillover effect, [the] defendant must show an 'extreme disparity' in the strength or inflammatory character of the evidence"]; *People v. Lamb* (2024) 16 Cal.5th 400, 419 [no gross unfairness where " ' "strong evidence warranting conviction" supported all the charges' "].)  As such, and considering Arndt's proffered admission (and later testimony) of misdemeanor possession of methamphetamine and denial of felony possession putting his intent directly at issue, we see no abuse of discretion in the trial court's implicit determination that 2020 conduct would have been admissible in the 2021 trial and thus, joinder would not be prejudicial to Arndt.  (*People v. Alcala, supra*, 43 Cal.4th at 1221.)

In sum, even though we conclude that counts 1 and 2 were improperly added to the information and reverse their convictions, we also conclude that the remaining counts and verdicts stand because the introduced evidence of the 2020 incident would have been admissible under Evidence Code section 1101, subdivision (b) and did not inappropriately bolster the properly charged 2021 counts and therefore did not prejudice Arndt.[8]  (See *People v. Ruiz* (1988), 44 Cal.3d 589, 607 ["If the evidence were indeed cross-admissible, as we have concluded, then any spillover effect would have been entirely proper"]; *People v. Hardy* (1992) 2 Cal.4th 86, 168 [" 'to obtain severance on the ground of conflicting defenses, it must be demonstrated that the conflict

---

demonstrates.  (*People v. Jones* (2018) 28 Cal.App.5th 316, 323 ["When evidence of a person's conduct is admitted under section 1101(b), the jury may consider the evidence if it is proven by a preponderance of the evidence"]; see CALJIC No. 375.)

[8] We reach this holding based on the specific circumstances of this case that suggest mistake on the part of the court and counsel rather than manipulation or bad intent, which could result in a different conclusion.

is so prejudicial that [the] defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty' "].)

## II. *Lay Opinion Testimony*

Arndt next contends that the trial court erred by permitting Clark's "improper opinion testimony" that Arndt possessed the methamphetamine and the firearm discovered in the 2021 incident.  He argues that Clark's testimony as to why he believed the firearm, glass pipe, and methamphetamine located in the vehicle belonged to Arndt "amounted to an opinion on the ultimate issue of guilt without proper foundation" and thus is reversible error under Evidence Code sections 702, 800, 801, and 805.[9]

"A lay witness may offer opinion testimony if it is rationally based on the witness's perception and helpful to a clear understanding of the witness's testimony." (*People v. Leon* (2015) 61 Cal.4th 569, 601; Evid. Code, § 800.) An officer's testimony regarding the focus of a criminal investigation is not an inadmissible lay opinion.  (*People v. Virgil* (2011) 51 Cal.4th 1210, 1254 ["challenged testimony was based on the detective's perceptions and was helpful for the jury to understand how [the officer] came to suspect defendant was connected" to the crime].)  The admissibility of lay opinion is " ' "a matter resting largely in the discretion of the trial court," ' " the exercise of which is

---

[9] Arndt concedes that his counsel did not object to the testimony, so, in the alternative, argues ineffective assistance of counsel.  Although we agree the failure to object means Arndt has forfeited his claim on appeal, we exercise our right to reach the merits and therefore do not address Arndt's ineffective assistance claim.  (*People v. Fuiava* (2012) 53 Cal.4th 622, 655 ["A defendant ordinarily cannot obtain appellate relief based upon grounds that the trial court might have addressed had the defendant availed him or herself of the opportunity to bring them to that court's attention"]; *People v. McCullough*, *supra*, 56 Cal.4th at p. 593.)

rarely reversed on appeal. (*Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104, 112.)

Here, Arndt challenges as an improper conclusion of ultimate fact Clark's testimony "that appellant possessed the methamphetamine and the gun because '[T]here was nobody else it could have belonged to.' " But what his argument ignores is the fact that Arndt, who had denied possession of the contraband, had been detained along with a second individual seated in the passenger seat of the vehicle, who, presumably would also have access to the pipe and methamphetamine recovered from the center console between them and who was found with a separate similarly sized baggie of methamphetamine in his jacket pocket. In this context, Clark's explanation of the reason for Arndt's arrest was not an improper opinion, it was appropriately helpful for the jury.[10] (*People v. Navarette* (2003) 30 Cal.4th 458, 497 [police officer was qualified to give his lay opinion as to whether a button was "removed by force" from a pair of jeans based on his examination of the jeans]; see also *People v. Leon*, *supra*, 61 Cal.4th at p. 601.)

## DISPOSITION

The judgment is reversed as to counts 1 and 2. The matter is remanded to the trial court with directions to strike counts 1 and 2 and rescind the fees associated with these counts and to prepare an amended abstract of judgment in accordance with this disposition and deliver it to the

---

[10] Arndt's reliance on *People v. Killebrew* (2002) 103 Cal.App.4th 644, is inapposite because it involved a police officer's expert—not lay—opinion testimony as to an ultimate conclusion of law, specifically, Killebrew's "subjective knowledge and intent to possess [a] handgun." (*Id.* at pp. 652–653, 658 [also reversing for lack of substantial evidence that Killebrew was involved in a conspiracy to possess a firearm].)

California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

DESAUTELS, J.

We concur:

RICHMAN, ACTING P. J.

MILLER, J.

*People v. Arndt* (A172587)