File 10/20/15  P. v. Paopao CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>MATTHEW F. PAOPAO,<br><br>　　　Defendant and Appellant. | B262254<br><br>(Los Angeles County<br>Super. Ct. No. NA100450) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County. Tomson T. Ong, Judge.  Affirmed.

　　　　Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No response by Plaintiff and Respondent.

_____

Defendant was initially charged by felony complaint with attempted carjacking. (Pen. Code, §§ 664/215, subd. (a).)  After a preliminary hearing, he was charged by information with attempted carjacking, attempted robbery (Pen. Code, §§ 664/211), and criminal threats (Pen. Code, § 422, subd. (a)).  It was also alleged that defendant suffered a prior conviction of robbery – as a strike (Pen. Code, § 667, subds. (b)-(j)), a five-year prior (Pen. Code, § 667, subd. (a)), and a prior prison term (Pen. Code, § 667.5, subd. (b)).

Before trial, defendant filed a *Marsden* motion to replace his appointed counsel, on the basis that his attorney was not conducting an adequate investigation.  (*People v. Marsden* (1970) 2 Cal.3d 118.)  The motion was denied.  The trial on the prior conviction allegations was bifurcated.

At trial, the prosecution's evidence revealed the following facts.  On October 4, 2014, at 10:00 p.m., defendant – who was shirtless – approached the victim Javier Vasquez in the driveway to the latter's apartment.  Vasquez was leaning on his car; the garage was open and there was a bicycle within.  Defendant spoke to Vasquez in English; Vasquez is a Spanish-speaker but speaks some English.  Defendant said to Vasquez, " 'Motherfucker, you have everything, you have it.' "  Defendant raised his fists in a fighting stance and demanded the bicycle from Vasquez.  Vasquez said it didn't work. Defendant then said, " 'Give me the keys to your car.' "  Defendant made Vasquez empty his pockets; Vasquez did, but hid the car key.  Defendant then started hitting and kicking Vasquez.  Vasquez picked up a pipe in the garage with which to defend himself. Defendant displayed his tattoos and told Vasquez he was in a gang.  He said, " 'I'm going to come and kill you.' "  Vasquez was not alone during the encounter; his brother-in-law, Luis, was there.  Vasquez and Luis together scared defendant away.  Luis did not testify at trial, nor did he give a statement to police.

Although Vasquez did not know it at the time, his neighbor, Lanisha Weekes, saw the encounter from her window and called 911.  At trial, she confirmed that defendant demanded Vasquez's car and threatened to " 'jack' " it.  She also confirmed that defendant said he was from a gang and threatened to come back with his " 'homies.' "

2

The 911 call had been recorded; the tape was played for the jury.[1]  In the call, Weekes narrated the events for the 911 operator as they happened.  Among other things, Weekes told the operator, " 'He's saying I'm gonna jack your car, he said mother fucker, give me your keys or I'm gonna have to call my homies from I don't even know what.  He literally is like swinging on this man right now.' "  Weekes repeatedly told the operator that the man threatening her neighbor was drunk.  The 911 operator notified police, and defendant was arrested less than two blocks from the scene.  Vasquez identified defendant in a field show up.

Defendant did not testify at trial.  Defendant initially chose to testify, and the court ruled that, if he did, his prior robbery conviction would be admissible.  His attorney encouraged him to testify anyway, and advised him that if he did not testify, she would not be calling a potential defense witness, Callie Gaoa.  Defendant chose to exercise his constitutional right not to testify.

Defendant was convicted as charged.  At sentencing, defendant admitted the prior conviction.  He made a *Romero* motion, which was denied.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  He was sentenced on attempted carjacking to the upper term of 4 1/2 years, doubled (for the strike), plus 5 years (for the five-year prior) for a total sentence of 14 years in prison.  Sentence on the remaining two counts was stayed under Penal Code section 654.  Defendant filed a timely notice of appeal.

On August 3, 2015, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that he had reviewed the record and had sent defendant a letter advising him of his intention to file a *Wende* brief and that he could file a supplemental brief if he chose to do so.  That same day, this court sent defendant a

---

[1]     Defendant asserts his counsel rendered ineffective assistance by failing to object to the recording as hearsay.  Counsel objected before trial in an Evidence Code section 402 hearing.  The court concluded the recording was admissible as present sense impression (spontaneous statement) (Evid. Code, § 1240) and/or past recollection recorded (Evid. Code, § 1237), as long as Weekes testified.  This was not error.

letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished us to consider.

On August 24, 2015, defendant filed a supplemental brief (brief) purporting to raise the issues of insufficiency of the evidence, actual innocence, ineffective assistance of counsel, and prosecutorial misconduct. On September 24, 2015, defendant filed an additional motion (motion), asserting ineffective assistance of appellate counsel for failing to brief the issues itemized in defendant's supplemental brief. Defendant's motion goes into much greater detail on defendant's arguments than defendant's brief. (In his motion, defendant asserts that appellate counsel provided him the record without sufficient time to prepare his brief.) We therefore consider defendant's motion as a further brief on appeal.[2]

Defendant's appeal lacks merit. We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) The issues raised by defendant are not arguable. Nearly all of defendant's arguments rely on his view of the evidence. Defendant takes the position that his encounter with Vasquez was a failure to communicate which spun out of control. Defendant represents that he had simply run out of gas and had asked if Vasquez could give him a ride to the gas station to get fuel, or if he could borrow the bicycle to do so. He had even offered Vasquez money for his

---

**2** To the extent defendant's motion seeks relief for ineffective assistance of appellate counsel, the motion is denied. "To prevail on a claim of ineffective assistance of counsel, the defendant must prove: (1) his or her attorney's representation was deficient in that it fell below an objective standard of reasonableness under prevailing professional standards; and (2) his or her attorney's deficient representation subjected him or her to prejudice. [Citations.] Prejudice means a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' [Citation.] A reasonable probability means a 'probability sufficient to undermine confidence in the outcome.' [Citation.]" (*People v. Najera* (2006) 138 Cal.App.4th 212, 225.) Even if appellate counsel fell below an objective standard of reasonableness, there is no showing of prejudice. As none of Paopao's arguments are meritorious, it would make no difference if appellate counsel had pursued them.

4

assistance.  Defendant asserts that Vasquez and Weekes lied at trial, and attempts to point out, in great detail, every contradiction between:  Vasquez's preliminary hearing testimony and his trial testimony; Weekes's trial testimony and the recording of her 911 call; Vasquez's trial testimony and Weekes's trial testimony; and the trial testimony and the police report.**3**  To the extent defendant argues insufficiency of the evidence and actual innocence, it is apparent that, despite any contradictions in the evidence, the jury chose to believe the testimony of Vasquez and Weekes, which was corroborated by the 911 recording, that defendant did, in fact, attempt to obtain the victim's car and bicycle by force or violence.  To the extent defendant argues ineffective assistance of counsel based on trial counsel's failure to establish that the witnesses were lying, we are convinced that defense counsel properly challenged the witnesses' credibility and argued the issue to the jury.  Finally, to the extent defendant relies on the contradictions in the evidence to establish prosecutorial misconduct for convicting him based on false or perjured testimony, defendant's arguments establish innocent misrecollection at most, not knowingly false testimony.

Defendant's remaining arguments are similarly unmeritorious.  Defendant argues ineffective assistance of counsel for trial counsel's failure to find Luis, or call Kaila Gaoa to testify in his defense.  There is no evidence in the record that trial counsel did not make reasonable efforts to find Luis.  Defense counsel made a tactical decision to not call Gaoa when defendant chose not to testify; there is nothing in the record showing that this tactical decision was beyond objective standards of reasonableness.  Defendant also challenges trial counsel's decision to argue to the jury, based on Weekes's observations in the 911 call, that defendant may have been too drunk to form the specific intent to rob or carjack.  Yet this, too, was a legitimate tactical decision based on the state of the record.  Finally, defendant challenges the variance between the original complaint (which

---

**3**     The police report was not introduced into evidence at trial.  On appeal, defendant relies on two pages of the police report, taken out of context, which set forth defendant's explanation (to the police) of his encounter with Vasquez.  Defendant's statements in the police report are clear hearsay; there is no basis on which defendant's counsel could have obtained their admission at trial without his testimony.

charged only carjacking) and the information (which added robbery and criminal threats). "[A]n offense not charged in the felony complaint nonetheless can be charged in the information if shown by the evidence at the preliminary hearing and if transactionally related to the crime or crimes for which defendant was held to answer." (*People v. Thiecke* (1985) 167 Cal.App.3d 1015, 1017, fn. 1.) There was no error.

## DISPOSITION

The judgment is affirmed.


RUBIN, ACTING P. J.

WE CONCUR:


FLIER, J.


GRIMES, J.